# EXHIBIT A

To commence the statutory time
period of appeals as of right
(CPLR 5513[a]), you are advised
to serve a copy of this order,
with notice of entry, upon all
parties.

FILED AND ENTERED
ON 12/15 2006
WESTCHESTER
COUNTY CLERK

# SUPREME COURT OF THE STATE OF NEW YORK
# COMMERCIAL DIVISION, WESTCHESTER COUNTY
Present: **HON. KENNETH W. RUDOLPH**
Justice.

-----------------------------------------------------------------X
BRANT POINT, LTD.,

                       Plaintiff,      :            Index No. 4238/04
                                                                      Motion Date: Sept. 29, 2006

-against-

                                                                       DECISION

THE REPUBLIC OF CONGO,

                     Defendant,     :
-----------------------------------------------------------------X

The following papers numbered 1 to 24 were read on this motion by judgment creditor Brant Point Ltd. for an order pursuant to 28 U.S.C. §1610(c), CPLR §§5225(a), 5230, and 5240, requiring The Republic of Congo as judgment debtor, to deliver to the Sheriff of the County of New York the cause of action commenced by Republic of the Congo in Republic of the Congo v. Federation Development Corp., S.D.N.Y, No. 06 Civ. 6279, and permitting execution on this cause of action.

                                                                                 PAPERS NUMBERED

| | |
|---|---|
| Notice of Motion - Affirmation - Exhibits | 1-6 |
| Answering Affirmation - Exhibits | 9-16 |
| Memoranda of Law  - Exhibits | 7-8; 17; 18 |
| Proposed Order | 19 |
| Correspondence - Letter dated Oct. 11, 2006 with attached affirmation; and letter dated and Nov. 21, 2006 with attachments | 20-21; 22-24 |

Upon the foregoing papers, it is ordered that this motion is denied.

In this action for failure to repay a loan, plaintiff has obtained a judgment against The Republic of Congo (hereinafter Congo) in the amount of $13,609,611.87.  Congo has commenced an action in federal court to recover damages for breach of contract by the defendant in that action, Federation Development Corp., arising from its alleged negligent performance of renovation work on the judgment

debtor's embassy building. The damages sought in that action are the cost of repairs to the building caused by the negligently performed work and monies expended to lease other premises for use by embassy staff. In this Court's prior order dated May 18, 2005, Brant Point Ltd (hereinafter Brant Point) was granted permission (as limited by 28 U.S.C. §1610[a]) to commence execution on its judgment and that plaintiff's enforcement proceedings would be addressed on an ad hoc basis as necessary upon motion of either party. Brant Point now moves to execute on Congo's cause of action which pursuant to CPLR 5201(a) is a debt to become due to a judgment debtor which may be executed upon by a judgment creditor.

Pursuant to Foreign Sovereign Immunities Act, 28 U.S.C. §1610[a], a waiver of immunity from attachment and execution made by a foreign state "subjects only the property of the foreign state that is located in the United States and used for commercial activity to attachment and execution" (LNC Investments inc. v. Republic of Nicaragua, 2000 WL 745550 [S.D.N.Y. Jun 08, 2000][NO. 96 CIV. 6360]).

> "What matters under the statute is what the property is "used for," not how it was generated or produced... even if a foreign state's property has been generated by commercial activity in the United States, that property is not thereby subject to execution or attachment if it is not "used for" a commercial activity within our borders.... What matters under the statute is not how the Congo made its money, but how it spends it. (Conn. Bank of Commerce v. Republic of Congo, 309 F.3d 240, 251 [5th Cir. Tex.2002], Clarified by, Rehearing denied by, Motion granted by:Conn. Bank of Commerce v. Republic of Congo, 2002 U.S. App. LEXIS 17896 [5th Cir. Tex. Aug. 29, 2002].

The Court agrees with Congo that, although the contract entered into between it and Federation Development Corp. was a "commercial activity" which would subject it to suit pursuant to 28 U.S.C. §1605(a)(2)(see e.g. Lewis & Kennedy, Inc. v. Permanent Mission of Republic of Botswana to United Nations, 2005 WL 1621342 [S.D.N.Y. Jul 12, 2005] [NO. 05 CIV.2591[HB]), the property upon which plaintiff seeks to execute, i.e. Congo's cause of action for damages is not property "used for commercial activity" within the meaning of §1610[a]) of the FSIA. Embassies and related

buildings are sovereign in nature and are not deemed to be "used for a commercial activity" within the meaning of §1610[a]) of the FSIA (Af-Cap, Inc. v. Republic of Congo, 326 F. Supp. 2d 128 [D.D.C. 2004]). In this case, the cause of action is being used to restore Congo's embassy property which is sovereign in nature to normal condition and operation and is not therefore being "used for a commercial activity."

The foregoing constitutes the Decision and Order of this Court.

Dated: White Plains, New York
       December 12, 2006

ENTER,

**HON. KENNETH W. RUDOLPH**
**Justice of the Supreme Court**

TO:

DEBEVOISE & PLIMPTON LLP
Attorneys for Plaintiff
919 Third Avenue
New York, New York   10022

CLEARY, GOTTLIEB, STEEN & HAMILTON LLP
Attorneys for Defendant
One Liberty Plaza
New York, New York   10006