1
QUINN EMANUEL URQUHART & SULLIVAN, LLP
Harold A. Barza (Bar No. 80888)
2
halbarza@quinnemanuel.com
Bruce E. Van Dalsem (Bar No. 124128)
3
brucevandalsem@quinnemanuel.com
Ian S. Shelton (Bar No. 264863)
4
ianshelton@quinnemanuel.com
Matthew S. Hosen (Bar No. 291631)
5
matthosen@quinnemanuel.com
865 South Figueroa Street, 10th Floor
6
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
7
Facsimile:   (213) 443-3100

8
*Of Counsel*:

9
DECHERT LLP
Robert A. Cohen (admitted *pro hac vice*)
10
robert.cohen@dechert.com
1095 Avenue of the Americas
11
New York, New York 10036
Telephone:  (212) 698-3500
12
Facsimile:   (212) 698-3599

13
Attorneys for Plaintiff NML Capital, Ltd.

14

UNITED STATES DISTRICT COURT

15

CENTRAL DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17 NML CAPITAL, LTD., | CASE NO. 14 CV 02262-SVW-Ex |
| 18    Plaintiff, | Hon. Stephen V. Wilson |
| 19    vs. | **PLAINTIFF NML CAPITAL, LTD.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SERVE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |
| 20 SPACE EXPLORATION TECHNOLOGIES CORP., aka | |
| 21 SPACEX, a Delaware corporation; THE REPUBLIC OF ARGENTINA, a foreign | |
| 22 state, including its *COMISION NACIONAL DE ACTIVIDADES* | Hearing date:  March 9, 2015 |
| 23 *ESPACIALES*, aka CONAE, a political subdivision of the Argentine State; and | Hearing time:  1:30 p.m. |
| 24 DOES 1-10, | Hearing location:  Courtroom No. 6 |
| 25    Defendants. | Before:  Hon. Stephen V. Wilson |

26

27

28

01998.23618/6494157.2

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on March 9, 2015, at 1:30 p.m., before the Honorable Stephen V. Wilson, plaintiff NML Capital, Ltd. ("NML") will, and hereby does, move pursuant to Local Rule 6-1 and Federal Rules of Civil Procedure 26(d)(1), 34(b)(2) and 45, for an order granting NML leave to take limited discovery before the parties have met and conferred pursuant to Rule 26(f), Fed.R.Civ.P. The proposed discovery, attached hereto as Exhibits 5 through 9 to the declaration of Harold Barza, is directed to defendants Space Exploration Technologies Corp. ("SpaceX") and the Republic of Argentina ("Argentina") (collectively, "Defendants"). No third party discovery is requested. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 28, 2015.

Argentina, through its national space agency, the *Comisión Nacional de Actividades Espaciales* (the "CONAE"), has contracted with SpaceX to launch Argentine-owned satellites into space on two different dates using rockets and launch equipment owned and operated by SpaceX (the "Launch Services Rights"). NML brought this creditor's suit on March 26, 2014, to execute on these Launch Services Rights, and thus far, Defendants have refused NML's requests to engage in a Rule 26(f) conference to develop a proposed discovery plan, on the improper ground that such a conference is premature because the Court has not yet ruled on Argentina's Motion to Dismiss. Given the substantial amount of lead time associated with preparing for a commercial satellite launch, it is critical that NML begin marketing the Launch Services Rights associated with both launches as soon as possible. To do so, obtaining certain information about the launches from the Defendants is critical because the value of these Launch Services Rights will diminish with the passage of time. Accordingly, good cause exists to permit NML to serve discovery before the parties hold their Rule 26(f) conference.

-1-

1    This motion is based on the accompanying Memorandum of Points and
2  Authorities, and Declarations of Harold A. Barza and Keith J. Volkert, the pleadings
3  and other papers on file in this action, any evidence and argument presented at the
4  hearing on Motion to Dismiss and any matters of which the Court may take judicial
5  notice.

8  DATED:  February 9, 2015        QUINN EMANUEL URQUHART &
9                                  SULLIVAN, LLP

11                         By _____

12                                  Harold A. Barza
13                                  Bruce E. Van Dalsem
                                    Ian S. Shelton
14                                  Matthew S. Hosen
15                                  Attorneys for Plaintiff NML Capital, Ltd.

01998.23618/6494157.1

-2-

PLAINTIFF NML CAPITAL, LTD.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SERVE
DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .................................................................. 1

FACTUAL BACKGROUND ...................................................................... 2

    A.    NML's Claims In This Action ..................................... 2

    B.    Defendants' Refusal To Participate In A Rule 26(f) Conference ........... 2

    C.    NML's Need To Expeditiously Prosecute This Case ........................ 3

ARGUMENT ................................................................................ 5

I.    THE COURT MAY PERMIT DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE UPON A SHOWING OF GOOD CAUSE ................. 5

II.    GOOD CAUSE EXISTS FOR PERMITTING DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE ...................................... 6

    A.    Defendants Have Refused to Participate in a Rule 26(f) Conference ....................................................... 6

    B.    The Discovery Is For A Proper Purpose And NML Will Be Prejudiced In The Absence Of The Requested Discovery .................. 7

    C.    NML's Proposed Discovery Is Narrowly Tailored ....................... 8

CONCLUSION .............................................................................. 9

## <u>TABLE OF AUTHORITIES</u>

**Page**

### <u>Cases</u>

*640 South Main Street Partners, LLC v. City of Los Angeles*,
  2008 WL 4965927 (C.D. Cal. Nov. 20, 2008) ........................................ 8

*Apple Inc. v. Samsung Electronics Co.*,
  2011 WL 1938154 (N.D. Cal. May 18, 2011) ....................................... 7

*Blankenship v. Hearst Corp.*,
  519 F.2d 418 (9th Cir. 1975) ............................................................. 8

*Escareno v. Lundbeck, LLC*,
  2014 WL 1976867 (N.D. Tex. May 15, 2014) ...................................... 6

*Gibson v. Bagas Restaurants, Inc.*,
  87 F.R.D. 60 (W.D. Mo. 1980) .......................................................... 6

*Gray v. First Winthrop Corp.*,
  133 F.R.D. 39 (N.D. Cal. 1990) ......................................................... 8

*Hard Drive Prods., Inc. v. Does 1-30*,
  2011 WL 2634166 (E.D. Va. July 1, 2011) ......................................... 6

*NobelBiz, Inc. v. Wesson*,
  2014 WL 1588715 (S.D. Cal. Apr. 18, 2014) ...................................... 7

*S.E.C. v. Small Cap Research Group, Inc.*,
  226 Fed. Appx. 656 (9th Cir. 2007) ................................................... 8

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
  208 F.R.D. 273 (N.D. Cal. 2002) ................................................. 5, 6, 8

*Twin City Fire Ins. Co. v. Employers Ins. Of Wausau*,
  124 F.R.D. 652 (D. Nev. 1989) .......................................................... 6

*UMG Recordings, Inc. v. Does*,
  2008 WL 4104214 (N.D. Cal. Sept. 3, 2008)................................... 5, 7

*Zynga Game  Network Inc. v. Williams*,
  2010 WL 2077191 (N.D. Cal. May 20, 2010) ...................................... 5

### <u>Statutes</u>

Fed. R. Civ. P. 26(d)(1) ........................................................................ 5

Fed. R. Civ. P. 69 ................................................................................. 1

C.C.P. § 708.280 ............................................................................... 3, 4

C.C.P. § 708.280(b) ............................................................................. 1

1

## **Other Authorities**

2
8 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE
3
    § 2104 (1970)...................................................................................................6

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Plaintiff NML respectfully requests that the Court grant leave for it to serve limited discovery prior to the parties conducting a Rule 26(f) conference. Such relief may be granted upon a showing of good cause and good cause exists for the following reasons:

*First*, Defendants have refused to participate in a Rule 26(f) conference because of the pendency of their Motion to Dismiss. The pendency of that motion is not an appropriate reason to refuse to participate in a Rule 26(f) conference;

*Second*, by improperly refusing to participate in a Rule 26(f) conference, Defendants have unilaterally imposed a stay of discovery because under the applicable rules, discovery may not be served until such a conference has been held;

*Third*, the two launches that are the subject of this action are scheduled to occur in September 2015 and September 2016, respectively. Unless NML's claims are resolved sufficiently in advance of both launches so that the contractual rights owned by CONAE may be marshaled and sold, the value of the Launch Services Rights might be forever lost; and

*Fourth*, in order to effectively levy on the Launch Services Rights, NML needs basic and limited discovery from the Defendants. The proposed discovery is for a proper purpose and is narrowly tailored.[1]

---

[1] In order to apply the proceeds of the sale of the Launch Services Rights to its judgments, NML must obtain a judgment on its creditor's suit. C.C.P. § 708.280(b); Fed. R. Civ. P. 69. The proposed discovery is necessary so that NML may promptly move for summary judgment and/or the appointment of a receiver to marshal and sell the subject assets (the "Sale Motion"). For example, NML seeks the contract(s) between SpaceX and CONAE upon which it seeks to execute. NML's informal request to produce the contract(s) has been refused. (Letter of July 21, 2014, Exh. 2 to Barza Dec.)

# FACTUAL BACKGROUND

## A.    NML's Claims In This Action

NML obtained judgments against Argentina in the Southern District of New York totaling over $1.7 billion.  (*See e.g.*, Dkt 1, Exhibits A and B.)  Argentina refuses to pay the judgments, so NML must attempt to locate Argentine assets and execute upon them.  In this proceeding, NML seeks to partially satisfy its judgments by executing on CONAE's valuable commercial Launch Services Rights to be provided by SpaceX.  This action is a creditor's suit authorized by California Code of Civil Procedure § 708.280 and Rule 69, F.R.Civ.P. against the holder of those Argentine assets, defendant SpaceX.  NML seeks to levy on CONAE's rights to use SpaceX's rockets and launch services at Vanderberg Air Force Base in September 2015 and September 2016, sell them to another qualified customer, and apply the proceeds to its judgments.

## B.    Defendants' Refusal To Participate In A Rule 26(f) Conference

This action was filed on March 26, 2014.  (Dkt. 1.)  On May 15, 2014, Argentina filed a motion to dismiss pursuant to Rule 12(b)(1) and (6) and SpaceX joined in the motion.  (Dkt. 17, 18.)  NML filed its opposition on June 5, 2014 and Argentina filed its reply on June 16, 2014.  (Dkt. 30, 31.)  The Motion to Dismiss was heard on June 30, 2014 and remains pending.  (Dkt. 39.)

On July 4, 2014, NML's counsel requested a Rule 26(f) conference with Defendants' counsel to develop a proposed discovery plan.  (E-mail chain from July 4-11, 2014, Exh. 1 to Barza Decl. at 6 ("Counsel, Per FRCP 26(f), we would like to have a conference early next week to discuss discovery going forward. Please let us know your availability at your earliest convenience.").)  On July 11, 2014, counsel for Defendant Argentina refused NML's request because the Motion to Dismiss was pending.  (*Id.* at 5. ("I write in response to your request that the parties convene a Rule 26(f) conference.  In light of the motion to dismiss that is currently sub judice, we think it is premature to consider whether to convene a Rule

01998.23618/6494157.2

1  26(f) conference.").)  Counsel for all parties attended a telephonic conference on

2  July 17, 2014, a summary of which is memorialized in a July 21, 2014 letter from

3  NML's counsel to Defendants' counsel.  (Letter of July 21, 2014, Exh. 2 to Barza

4  Dep.)  During the telephonic conference, Defendants' counsel stated they were

5  unwilling to attend a Rule 26(f) conference until after the Court ruled on the Motion

6  to Dismiss.  (*Id.* at 8.)  Also during this telephonic conference, NML requested that

7  Defendants produce the launch services contract(s) under seal.  (*Id*. at 9.)

8  Defendants' counsel refused to do so.  (*Id.*; *see also* letter of July 28, 2014, Exh. 3 to

9  Barza Dep.)

10         In January of this year, realizing that time was of the essence for it to be able

11  to effectively execute on the Launch Services Rights because of the approaching

12  launch dates, NML's counsel wrote to Defendants' counsel, on January 21, 2015,

13  asking Defendants to agree to the conduct of limited discovery, consisting of a set of

14  Interrogatories and Requests for Production to each Defendant, and one 30(b)(6)

15  deposition of SpaceX. (E-mail of January 21, 2015, Exh. 4 to Barza Dep.)  The

16  email was accompanied by the actual proposed discovery requests consisting of

17  Interrogatories, Requests for Production and a 30(b)(6) notice directed to SpaceX.

18  (Proposed Interrogatories, Requests for Production, and 30(b)(6) notice, Exhs. 5-9 to

19  Barza Dep.) The parties met and conferred telephonically on January 28, 2015,

20  regarding NML's request to conduct this limited discovery, but Defendants are

21  unwilling to agree to conduct any discovery prior the Court's ruling on the Motion

22  to Dismiss.  (Barza Decl, ¶ 5.)

23         To date, neither Argentina nor SpaceX has produced the launch services

24  contract(s) at issue, NML has not seen the launch services contract(s), and neither

25  defendant has agreed to a 26(f) conference.  (Barza Decl, ¶ 2.)

26     **C.     NML's Need To Expeditiously Prosecute This Case**

27         If NML prevails on its claims in this case, it will be entitled to sell the Launch

28  Services Rights and apply the proceeds to partially satisfy its judgments against

Argentina.  (C.C.P. § 708.280.)  Due to the complexities involved in launching a
satellite into orbit, marketing and selling contractual rights to launch services
requires months of preparation.  (Volkert Decl., ¶¶ 6-7.)  Satellites are designed for
particular orbits, and a potential buyer's satellite may need to satisfy the weight and
space capacities of the SpaceX rocket.  (*Id.*, ¶ 6.)

Given the substantial amount of lead time associated with launching a
commercial satellite, discovery should not be delayed any longer.  The first launch
is scheduled to occur a mere seven months from now, and the second launch is
scheduled to occur in nineteen months.  Preparations for a satellite launch campaign
normally begin *eighteen to twenty-four months* prior to the opening of the scheduled
launch period.  (*Id.*)  Fifteen months before launch, the satellite's parameters, such
as its mass, and desired orbital parameters, such as the size, shape and orientation of
the desired orbit, are usually delivered to the launch service provider, in addition to
other information.  (*Id.*)  The launch service provider uses data to assess the
compatibility of the satellite with the launch vehicle and, if needed, adjustments are
made to the launch vehicle or satellite.  (*Id.*)  In order to complete this critical
compatibility assessment, the launch service provider will typically communicate
with the holder of the launch service rights on a regular basis, beginning at around
fifteen months before launch, regarding various technical issues that may require
redesigning the satellite.  (*Id.*)  If the satellite is found to be compatible with the
launch vehicle, then the time required to prepare for the satellite launch can be less
than six months.  (*Id.*, ¶ 7.)

While NML's ability to sell the Launch Services Rights has been impaired by
the passage of time, NML has reason to believe that execution and sale is still
possible due to the current shortage of launch slots and the desirability of the orbit.
(*Id.*, ¶¶ 4, 9.)  Assuming a purchaser's satellite had parameters similar to
Argentina's satellite, there should be sufficient time for the purchaser and SpaceX to
prepare for a September 2015 launch if execution occurred in the near future.  (*Id.*,

¶¶ 4, 10.)  However, immediate discovery is necessary to allow a sale of the Launch Services Rights related to the September 2015 launch to occur.

According to SpaceX, the contract(s) between CONAE and SpaceX are fully binding.  (Reporter's Transcript, 6/30/14, Dkt. 41 at 6:3-21.)  Argentina has also confirmed that the "Launch Services Contract at issue in this litigation remains in full force and effect."  (Letter of July 28, 2014, Exh. 3 to Barza Decl.).  The first launch is scheduled to occur in September 2015, and the second to occur in September 2016, both from Vandenberg Air Force Base.  (Volkert Decl., ¶ 4.)

If discovery is delayed any longer, it is likely that NML will be unable to obtain a judgment in this action sufficiently in advance of the first launch in September 2015 to enable it to timely levy on and sell its Launch Services Rights so a receiver can sell them.  And given the typical eighteen to twenty-four month window associated with a normal satellite launch campaign, any further delay in discovery may well impair the value of—and NML's ability to sell—the Launch Services Rights associated with the second launch in September 2016.

## ARGUMENT

## I.   THE COURT MAY PERMIT DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE UPON A SHOWING OF GOOD CAUSE

Federal Rule of Civil Procedure 26(d)(1) provides that a party may not seek discovery before the 26(f) conference except "[w]hen authorized by these rules, by stipulation, or by court order."  Discovery prior to a Rule 26(f) conference is justified upon a showing of "good cause."  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276-77 (N.D. Cal. 2002); *UMG Recordings, Inc. v. Does*, 2008 WL 4104214, *4 (N.D. Cal. Sept. 3, 2008) ("[i]n the Ninth Circuit, courts use the 'good cause' standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference.").  Discovery prior to a Rule 26(f) conference will be ordered where the need for such discovery "in consideration of the administration of justice, outweighs the prejudice to the responding party."  (*Id.*; *Zynga Game*

*Network Inc. v. Williams*, 2010 WL 2077191, at *2 (N.D. Cal. May 20, 2010) (same)). Expedited discovery should be granted where, as here, circumstances exist "that would be likely to prejudice the party if he were compelled to wait the required time." *See Hard Drive Prods., Inc. v. Does 1-30,* 2011 WL 2634166, at *1 (E.D. Va. July 1, 2011) (citing *Gibson v. Bagas Restaurants, Inc.*, 87 F.R.D. 60, 61 (W.D. Mo. 1980)); *see also* 8 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2104, at 384 (1970) (same).

Factors to consider in determining good cause include: (1) the purpose of the requested early discovery; (2) whether the discovery requests are narrowly tailored; (3) whether the discovery burdens the defendants; (4) whether the defendants are able to respond to the requests in an expedited manner; and (5) how far in advance of the formal start of discovery the request is made. *See Semitool*, 208 F.R.D. at 276-77. As explained below, weighing these factors compels granting NML leave to serve discovery before the Rule 26(f) conference.

## II. GOOD CAUSE EXISTS FOR PERMITTING DISCOVERY PRIOR TO A RULE 26(f) CONFERENCE

### A. Defendants Have Refused to Participate in a Rule 26(f) Conference

By refusing to participate in a Rule 26(f) conference, Defendants have unilaterally imposed a stay on discovery. *Escareno v. Lundbeck, LLC*, 2014 WL 1976867, *2 (N.D. Tex. May 15, 2014) ("Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved"); *Twin City Fire Ins. Co. v. Employers Ins. Of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) ("a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery.").

Quite simply, there would be no need for this motion had Defendants complied with their obligation to participate in a Rule 26(f) conference. Nevertheless, even if NML must show good cause under these circumstances, that standard is easily met here.

**B.** **The Discovery Is For A Proper Purpose And NML Will Be Prejudiced In The Absence Of The Requested Discovery**

Good cause exists to permit discovery prior to a Rule 26(f) conference where there is a risk the absence of discovery will harm the plaintiff. *See UMG Recordings, Inc. v. Does*, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) (noting that "early discovery avoids ongoing, continuous harm to the infringed party."); *see also Apple Inc. v. Samsung Electronics Co.*, 2011 WL 1938154, at *2 (N.D. Cal. May 18, 2011) (granting expedited discovery when plaintiff sought to prevent "a loss of market share and consumer good will" associated with alleged patent infringement); *NobelBiz, Inc. v. Wesson*, 2014 WL 1588715, at *2 (S.D. Cal. Apr. 18, 2014) (granting limited expedited discovery aimed at preventing defendant ex-employee's use of allegedly stolen trade secrets).

Without the requested discovery, NML faces a serious risk of irreparable harm because the Launch Services Rights at issue are a perishable asset that depreciate with the passage of time. Unless NML can execute on the Launch Services Rights related to the September 2015 launch in the near future, it will never be able to effectively execute on those rights. Furthermore, due to the complexities of launching a satellite into orbit, which typically requires eighteen to twenty-four months of preparations, NML's ability to execute on the Launch Services Rights related to the September 2016 launch may well be similarly impaired by the continued passage of time. (Volkert Decl., ¶ 4.) Thus, in order for the remedy NML seeks to be meaningful, it must execute on the Launch Services Rights well in advance of each launch. With the first launch scheduled for September 2015 and the second scheduled for September 2016, NML needs to obtain information in response to discovery promptly in order to present evidence in support of its Sale Motion, or to proceed with an expedited trial.

### C.   <u>NML's Proposed Discovery Is Narrowly Tailored</u>

NML's proposed discovery requests – attached as Exhibits 5 - 9 to the Barza Declaration – are narrowly tailored and limited in scope.  *See Semitool,* 208 F.R.D. at 277.  Specifically, NML requests leave to propound 24 targeted document requests and 15 interrogatories on defendant SpaceX, as well as to take its deposition.  In addition, NML requests leave to propound 14 targeted document requests and 15 interrogatories on defendant Argentina. NML's proposed discovery is directed solely to those issues necessary to adjudicate the claims in this action, and to execute effectively on the assets in question.

Defendants will not be unduly burdened by the limited discovery NML seeks. The information sought is plainly relevant and, unless the Court grants Defendants' Motion to Dismiss in its entirety, it is discovery to which Defendants will be required to respond.

If Defendants had attended the Rule 26(f) conference, it would have been incumbent upon them to obtain a stay of discovery pending a ruling on their Motion to Dismiss.  Plainly, that effort would have failed.  Discovery stays are the exception rather than the rule.  A discovery stay, which is "reposed in the sound discretion of the district court" (*S.E.C. v. Small Cap Research Group, Inc.*, 226 Fed. Appx. 656, 657 (9th Cir. 2007)) is only appropriate when the moving party has met a "heavy burden" and made a "strong showing" to justify the stay.  *See, e.g., 640 South Main Street Partners, LLC v. City of Los Angeles*, 2008 WL 4965927, *1 (C.D. Cal. Nov. 20, 2008) (denying motion for discovery stay notwithstanding pending motions to dismiss because defendant had not established that the plaintiffs would be unable to state a claim for relief).  A party cannot make such a "strong showing" by the mere filing of a motion to dismiss, and courts routinely deny motions to stay discovery notwithstanding pending motions to dismiss.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 419 (9th Cir. 1975); *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("Had the Federal Rules contemplated that a motion to dismiss under

1    Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision
2    to that effect.").

3          In the absence of the requested relief, solely due to the passage of time,
4    NML will lose its opportunity to seek to execute on the Launch Services Rights for
5    the first launch in September 2015, and its ability to seek to execute on the Launch
6    Services Rights for the second launch in September 2016 will likely be impaired.
7    Under these circumstances, good cause exists to permit NML to serve discovery
8    prior to the parties' Rule 26(f) conference.

9                                    **Conclusion**

10         For the foregoing reasons, the NML respectfully request that the Court grant
11   this motion.

12

13   DATED: February 9, 2015            QUINN EMANUEL URQUHART &
14                                      SULLIVAN, LLP

15

16
                                        By
17                                         Harold A. Barza
18                                         Bruce E. Van Dalsem
                                           Ian S. Shelton
19                                         Matthew S. Hosen
20                                         Attorneys for Plaintiff NML Capital, Ltd.

21

22

23

24

25

26

27

28

01998.23618/6494157.1

-9-

PLAINTIFF NML CAPITAL, LTD.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SERVE
DISCOVERY PRIOR TO RULE 26(f) CONFERENCE