QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harold A. Barza (Bar No. 80888)
  halbarza@quinnemanuel.com
  Bruce E. Van Dalsem (Bar No. 124128)
  brucevandalsem@quinnemanuel.com
  Ian S. Shelton (Bar No. 264863)
  ianshelton@quinnemanuel.com
  Matthew S. Hosen (Bar No. 291631)
  matthosen@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Of Counsel:*

DECHERT LLP
  Robert A. Cohen (admitted *pro hac vice*)
  robert.cohen@dechert.com
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

Attorneys for Plaintiff NML Capital, Ltd.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NML CAPITAL, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> SPACE EXPLORATION TECHNOLOGIES CORP., aka SPACEX, a Delaware corporation; THE REPUBLIC OF ARGENTINA, a foreign state, including its *COMISIÓN NACIONAL DE ACTIVIDADES ESPACIALES*, aka CONAE, a political subdivision of the Argentine State; and DOES 1-10, <br><br> Defendants. | CASE NO. 14 CV 02262-SVW-Ex <br><br> Hon. Stephen V. Wilson <br><br> **DECLARATION OF HAROLD A. BARZA** <br><br> Filed concurrently with (1) Notice of Motion and Motion for Leave to Serve Discovery Prior to Rule 26(f) Conference and (2) Declaration of Keith Volkert <br><br> Hearing Date: March 9, 2015 <br> Time: 1:30 p.m. <br> Courtroom: 6 <br><br> Complaint Filed: March 25, 2014 |

# DECLARATION OF HAROLD A. BARZA

I, Harold A. Barza, declare as follows:

1. I am admitted to practice law in the State of California and I am a partner at the law firm Quinn Emanuel Urquhart & Sullivan LLP, attorneys for plaintiff NML Capital, Ltd. ("NML" or "Plaintiff"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would competently testify thereto.

2. On July 4, 2014, my colleague,. Matthew Hosen, sent an email to counsel for defendants Space Exploration Technologies Corp. ("SpaceX") and the Republic of Argentina ("Argentina") (collectively, "Defendants") requesting a Rule 26(f) conference to develop a discovery plan for this matter. (A copy of that email is submitted herewith as Exhibit 1 to this Declaration.) On July 11, 2014, , counsel for Defendant Argentina sent a responsive email declining to attend a Rule 26(f) conference on the ground that the Defendants' Motion to Dismiss was still pending. (Exh. 1.) Counsel for all parties then attended a telephonic conference on July 17, 2014, to further discuss our request. During the telephonic conference on July 17, Defendants' counsel stated again that they were unwilling to attend a Rule 26(f) conference until after the Court ruled on the Motion to Dismiss. During this telephonic conference, I also requested that Defendants at least produce the launch services contract(s) that are the subject of this litigation. Defendants' counsel was unwilling to do so, however. (A copy of a letter that I sent, on July 21, 2014, summarizing the call of July 17 is submitted as Exhibit 2.) Argentina's counsel subsequently confirmed the foregoing in a letter to me dated July 28, 2014, a copy of which is submitted as Exhibit 3 to this Declaration. To date, neither Argentina nor SpaceX has produced the launch services contract(s) at issue, NML has not seen the launch services contract(s), and neither Defendant has agreed to a 26(f) conference.

3. On January 21 of this year, realizing that time was of the essence to be able to effectively execute on the Launch Services Rights because of the approaching launch dates, I wrote to Defendants' counsel, asking Defendants to agree to conduct limited discovery. (A copy of that email is submitted herein as Exhibit 4.) Attached to this January 21 email was the actual proposed discovery we had prepared, consisting of Interrogatories, Requests for Production and a 30(b)(6) notice. (A copy of the Requests for Production and Interrogatories directed at Argentina are submitted herein as Exhibits 5 and 6, respectively. A copy of the Requests for Production, Interrogatories, and 30(b)(6) deposition notice directed at SpaceX are submitted herein as Exhibits 7, 8, and 9, respectively.)

4. On January 28, 2015, counsel for NML engaged in a telephonic meet and confer with counsel for Defendants regarding NML's upcoming Motion for Leave to Serve Discovery Prior to a Rule 26(f) Conference. The attendees to this telephonic conference were: Harold Barza, Robert Cohen, Debra O'Gorman, and Matthew Hosen on behalf of NML; William Donovan on behalf of SpaceX; and, Michael Brennan and Donald Brown on behalf of Argentina.

5. I explained at the beginning of the January 28 conference that NML wanted to serve limited discovery on Defendants so that it could then seek an order permitting it to execute on the Launch Rights at issue in this case. Defendants explained that they would not agree to the conduct of any discovery, including the proposed interrogatories, requests for production, or 30(b)(6) notice, until there was a ruling on Argentina's Motion to Dismiss, absent an order from the Court to comply. I then offered to discuss the possibility of narrowing the scope of the discovery requests, but Defendants declined to partake in such discussion on the grounds that it would be procedurally premature.

6. At the conclusion of the conference, I informed all other counsel that NML would be filing a Motion for Leave to Serve Discovery Prior to a Rule 26(f) Conference.

1
2    I declare under penalty of perjury under the laws of the United States of
3 America that the foregoing is true and correct.
4    Executed February 9, 2015, at Los Angeles, California.
5
6                         *[signature]*
                          Harold A. Barza
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28