# EXHIBIT 6

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harold A. Barza (Bar No. 80888)
  halbarza@quinnemanuel.com
  Bruce E. Van Dalsem (Bar No. 124128)
  brucevandalsem@quinnemanuel.com
  Ian S. Shelton (Bar No. 264863)
  ianshelton@quinnemanuel.com
  Matthew S. Hosen (Bar No. 291631)
  matthosen@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

*Of Counsel*:

DECHERT LLP
  Robert A. Cohen (admitted *pro hac vice*)
  robert.cohen@dechert.com
1095 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 698-3500
Facsimile:   (212) 698-3599

Attorneys for Plaintiff NML Capital, Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NML CAPITAL, LTD., | CASE NO. 14 CV 02262-SVW-Ex |
| Plaintiff, | Hon. Stephen V. Wilson |
| vs. | **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT REPUBLIC OF ARGENTINA** |
| SPACE EXPLORATION TECHNOLOGIES CORP., aka SPACEX, a Delaware corporation; THE REPUBLIC OF ARGENTINA, a foreign state, including its *COMISIÓN NACIONAL DE ACTIVIDADES ESPACIALES*, aka CONAE, a political subdivision of the Argentine State; and DOES 1-10, | |
| Defendants. | |

01998.23618/6453441.8

15453478.4.LITIGATION

**EXHIBIT 6**
**PAGE 22**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff NML Capital, Ltd. ("NML") hereby requests that Defendant Republic of Argentina ("Argentina") including the Comisión Nacional De Actividades Espaciales (aka CONAE) answer the following interrogatories ("Interrogatories"), separately and fully, in writing and under oath, within 30 days after service hereof.  Argentina shall be obligated to supplement its responses to the Interrogatories at such times and to the extent required by the Federal Rules of Civil Procedure.

<u>Definitions</u>

1. "YOU," "YOUR," "Argentina" or "Defendant" means: (1) the Republic of Argentina and all branches, commissions, committees, administrative units, political units, legal units, bodies, divisions, political subdivisions, instrumentalities, agencies and departments, and any current or former officers, officials, directors, ministers, attorneys, agents and representatives thereof, or anyone acting on its or their behalf; and (2) (to the extent you contend that it is not included in the foregoing), the Comisión Nacional De Actividades Espaciales and all predecessors-in-interest and successors-in-interest.

2. "CONAE" means the Comisión Nacional De Actividades Espaciales and all predecessors-in-interest and successors-in-interest, all past or present branches, commissions, committees, administrative units, political units, legal units, bodies, subsidiaries, divisions, departments and affiliates, any entities that have a controlling interest in CONAE, and any current or former employee, officer, director, agent, consultant, accountant, official, minister, attorney or representative thereof, or anyone acting on its or their behalf.

3. "SPACEX" means Space Exploration Technologies Corp. and all predecessors-in-interest and successors-in-interest, all past or present parents, subsidiaries, divisions and affiliates, any companies that have a controlling interest in SPACEX, and any current or former employee, officer, director, agent,

consultant, accountant, attorney or representative thereof, or anyone acting on its or their behalf.

    4.    "COMPLAINT" means NML Capital, Ltd.'s Complaint for Creditor's Suit filed March 25, 2014 in the United States District Court for the Central District of California (14-cv-02262).

    5.    "LAUNCH SERVICES CONTRACT" means the agreement or agreements between Argentina and SPACEX relating to SPACEX's performance of satellite launch services for two Argentine satellites, as referenced in the COMPLAINT.

    6.    "LAUNCH SERVICE RIGHTS" means any contractual right, benefit, interest, or power obtained as a result of entering into a contract or agreement with SPACEX for the performance of satellite launch services, including but not limited to the right to a satellite launch date and launch site, the right to a rocket to deliver a satellite into orbit, and the right to all of the services required for delivering a satellite into orbit around the Earth.

    7.    "PERSON" or "PERSONS" means any natural person, association, partnership, corporation, joint venture, government entity, organization, trust, institution, proprietorship, or any other business or legal entity.

    8.    "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of COMMUNICATION or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-

01998.23618/6453421.8

2

15453478.4.LITIGATION

EXHIBIT 6
PAGE 24

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT REPUBLIC OF ARGENTINA.

identical copies of such DOCUMENTS, in the possession, custody, or control of YOU or any other PERSON acting on YOUR behalf.

9. "COMMUNICATION" or "COMMUNICATIONS" means without limitation any transmittal, disclosure, transfer or exchange of any statement, fact, idea, DOCUMENT, question, instruction, demand, or other information by any medium, whether by oral, written or other means, including but not limited to electronic communications and electronic mail.

10. "IDENTIFY" or "IDENTITY" means the following:

(a) with reference to an individual or individuals, means to state, fully and separately as to each, such individual's full name, any known business title, current or last known business affiliation, current or last known residential address, current or last known business address, current or last known relationship to YOU, and current or last known telephone number.

(b) with reference to an entity or entities, means to state, fully and separately as to each, such entity's full name, state (or country) of incorporation or organization, present or last known address, and present or last known telephone number.

(c) with reference to any DOCUMENT or DOCUMENTS, means to describe each DOCUMENT by Bates number. In the event that a DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each such DOCUMENT, to provide a complete description of it such that it may be the subject of a request for the production of documents, including by stating the date, identity of the author, addressee(s), signatories, parties, or other PERSONS identified therein, its present location or custodian and a description of its contents.

11. "ANY" as used in these Interrogatories includes the word "ALL," and the word "ALL" as used in these Interrogatories includes the word "ANY."

12. The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

Instructions

A. When an interrogatory requests disclosure of a DOCUMENT or other information as to which YOU claim any privilege or protection as a ground for nondisclosure, IDENTIFY each PERSON who participated in or had knowledge of the DOCUMENT or other information and also provide the following:

(i) the privilege or protection that YOU claim precludes disclosure;

(ii) the subject matter of the DOCUMENT or information (without revealing the content as to which the privilege is claimed); and

(iii) any additional facts or grounds on which YOU base YOUR claim of privilege or protection.

B. When an interrogatory requests that YOU provide information, YOU are required to supply all information known by or available to YOU or YOUR employees, officers, directors, agents, representatives and attorneys. If YOU cannot completely answer the interrogatory after making diligent efforts to do so, please so state. Then describe in detail all efforts made to answer the interrogatory; IDENTIFY every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory.

C. YOUR obligation to respond to these Interrogatories is continuing so as to require further and supplemental response in accordance with the Federal Rules of Civil Procedure.

4

## Interrogatories

**INTERROGATORY NO. 1:**

IDENTIFY the sources of CONAE's funding, including funding from Argentina's national budget, and state the amount provided by each source, annually, from 2010-2015.

**INTERROGATORY NO. 2:**

Describe the manner and method by which CONAE's budget is approved, including whether it is approved by Argentina's parliament.

**INTERROGATORY NO. 3:**

For each year from 2010 to 2015, state the portion of CONAE's budget, if any, which is subject to parliamentary approval.

**INTERROGATORY NO. 4:**

Describe CONAE's role with regard to Argentina's national space policy.

**INTERROGATORY NO. 5:**

Describe the manner and method by which CONAE's directors are selected and/or appointed.

**INTERROGATORY NO. 6:**

Describe the role, if any, of the executive branch of Argentina's government in approving CONAE's financing.

**INTERROGATORY NO. 7:**

Describe the role, if any, of the executive branch of Argentina's government in approving the projects undertaken by CONAE.

**INTERROGATORY NO. 8:**

IDENTIFY ALL COMMUNICATIONS between YOU and SPACEX regarding ANY LAUNCH SERVICE CONTRACT and/or the LAUNCH SERVICE RIGHTS, including, without limitation thereby, the date of the COMMUNICATION, the parties involved the COMMUNICATION, and the topics discussed during the COMMUNICATION.

**INTERROGATORY NO. 9:**

With respect to ALL COMMUNICATIONS between YOU and SPACEX regarding ANY LAUNCH SERVICE CONTRACT and/or the LAUNCH SERVICE RIGHTS, state the date of the COMMUNICATION, the PERSONS involved the COMMUNICATION, and the topics discussed during the COMMUNICATION.

**INTERROGATORY NO. 10:**

Describe the role of Argentina's Ministerio de Relaciones Exteriores, Comercio Internacional y Culto (Ministry of Ministry of Foreign Relations, International Trade, and Religion) with respect to CONAE, including but not limited to its role, if any, in regards to CONAE's interactions with foreign nations.

**INTERROGATORY NO. 11:**

Describe the role of Argentina's Ministerio de Planificación Federal, Inversión Pública y Servicios (Ministry of Planning and Infrastructure) with respect to CONAE.

**INTERROGATORY NO. 12:**

Describe whether ANY other ministry, agency or division of Argentina, other than CONAE, plays ANY role with respect to the planning, execution and evaluation of Argentina's National Space Program.

**INTERROGATORY NO. 13:**

IDENTIFY the entities who are involved in manufacturing the satellites contemplated to be launched under the LAUNCH SERVICES CONTRACT and set forth the parties to ANY contract for the manufacture of satellites and the terms of such contracts.

**INTERROGATORY NO. 14:**

IDENTIFY ALL executory and/or unfulfilled obligations of CONAE and/or Argentina under the LAUNCH SERVICES CONTRACT on which its entitlement for Launch Service Rights are predicated, including but not limited to payments not yet made or that have not yet come due.

**INTERROGATORY NO. 15:**

IDENTIFY ALL commercial activities in which CONAE has been involved from 2005 to the present.

7

01998.23618/6453421.8

15453478.4.LITIGATION

**EXHIBIT 6
PAGE 29**

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT REPUBLIC OF ARGENTINA.

1  DATED: January 26, 2015         QUINN EMANUEL URQUHART &
2                                  SULLIVAN, LLP
3
4
5                                  By_____
                                       Bruce E. Van Dalsem
6                                      Harold A. Barza
                                       Ian S. Shelton
7                                      Matthew S. Hosen
                                       Attorneys for Plaintiff NML Capital, Ltd.
8

01998.23618/6453421 8

8

EXHIBIT 6
PAGE 30

15453478.4.LITIGATION
PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT REPUBLIC OF ARGENTINA.