# EXHIBIT 7

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harold A. Barza (Bar No. 80888)
  halbarza@quinnemanuel.com
  Bruce E. Van Dalsem (Bar No. 124128)
  brucevandalsem@quinnemanuel.com
  Ian S. Shelton (Bar No. 264863)
  ianshelton@quinnemanuel.com
  Matthew S. Hosen (Bar No. 291631)
  matthosen@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

*Of Counsel*:

DECHERT LLP
  Robert A. Cohen (admitted *pro hac vice*)
  robert.cohen@dechert.com
1095 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 698-3500
Facsimile:   (212) 698-3599

Attorneys for Plaintiff NML Capital, Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NML CAPITAL, LTD., | CASE NO. 14 CV 02262-SVW-Ex |
| Plaintiff, | Hon. Stephen V. Wilson |
| vs. | **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.** |
| SPACE EXPLORATION TECHNOLOGIES CORP., aka SPACEX, a Delaware corporation; THE REPUBLIC OF ARGENTINA, a foreign state, including its *COMISION NACIONAL DE ACTIVIDADES ESPACIALES*, aka CONAE, a political subdivision of the Argentine State; and DOES 1-10, | |
| Defendants. | |

**EXHIBIT 7**
**PAGE 31**

01998.23618/6453052.1      15452459.2.LITIGATION

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT SPACE EXPLORATION
TECHNOLOGIES CORP.

PROPOUNDING PARTY:      PLAINTIFF NML CAPITAL, LTD.

RESPONDING PARTY:      DEFENDANT SPACE EXPLORATION

TECHNOLOGIES CORP., aka SpaceX

SET NO.:      ONE

## INTRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff NML Capital, Ltd. ("NML") hereby requests that Defendant Space Exploration Technologies Corp., aka SpaceX produce the following articles, documents, or things for inspection or copying within thirty (30) days after service of these requests (the "Requests"), subject to the Definitions and Instructions set forth herein, at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.  Defendant shall be obligated to supplement its responses to the Requests and its production of documents at such times and to the extent required by the Federal Rules of Civil Procedure.

## DEFINITIONS

The following definitions apply to these Requests and shall have the following meanings and rules of construction, unless the context requires otherwise. Nothing set forth below is intended to narrow the scope of discovery permitted by the Federal Rules of Civil Procedure, and the definitions and Requests should be read as broadly as permitted by those rules.

1.      "YOU," "YOUR," "SPACEX" or "Defendant" means Space Exploration Technologies Corp. and all predecessors-in-interest and successors-in-interest, all past or present parents, subsidiaries, divisions and affiliates, any companies that have a controlling interest in SPACEX, and any current or former employee, officer, director, agent, consultant, accountant, attorney or representative thereof, or anyone acting on its or their behalf.

EXHIBIT 7
PAGE 32

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT SPACE EXPLORATION
TECHNOLOGIES CORP.

2.     "Argentina" means the Republic of Argentina and all branches, commissions, committees, administrative units, political units, legal units, bodies, divisions, political subdivisions, instrumentalities, agencies and departments, and any current or former officers, officials, directors, ministers, attorneys, agents and representatives thereof, or anyone acting on its or their behalf.  For the avoidance of doubt, the term "Argentina" includes "CONAE" as defined below.

3.     "CONAE" means the Comisión Nacional De Actividades Espaciales and all predecessors-in-interest and successors-in-interest, all past or present branches, commissions, committees, administrative units, political units, legal units, bodies, subsidiaries, divisions, departments and affiliates, any entities that have a controlling interest in CONAE, and any current or former employee, officer, director, agent, consultant, accountant, official, minister, attorney or representative thereof, or anyone acting on its or their behalf.

4.     "COMPLAINT" means NML's Complaint for Creditor's Suit filed March 25, 2014 in the United States District Court for the Central District of California (14-cv-02262).

5.     "LAUNCH SERVICES CONTRACT" means the agreement or agreements between Argentina and SPACEX relating to SPACEX's performance of satellite launch services for two Argentine satellites, as referenced in the COMPLAINT.

6.     "LAUNCH SERVICE RIGHTS" means any contractual right, benefit, interest, or power obtained as a result of entering into a contract or agreement with SPACEX for the performance of satellite launch services, including but not limited to the right to a satellite launch date and launch site, the right to a rocket to deliver a satellite into orbit, and the right to all of the services required for delivering a satellite into orbit around the Earth.

7.     "VANDENBERG LAUNCH SITE" means the Vandenberg Air Force Base Space Launch Complex in California.

**EXHIBIT 7**
**PAGE 33**

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT SPACE EXPLORATION
TECHNOLOGIES CORP.

8.     "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of COMMUNICATION or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-identical copies of such DOCUMENTS, in the possession, custody, or control of YOU or any other PERSON acting on YOUR behalf.

9.     "COMMUNICATION" or "COMMUNICATIONS" means, without limitation, any transmittal, disclosure, transfer or exchange of any statement, fact, idea, DOCUMENT, question, instruction, demand, or other information by any medium, whether by oral, written or other means, including but not limited to electronic communications and electronic mail.

10.     "REFERRING OR RELATING TO" means referring to, relating to, discussing, constituting, evidencing, pertaining to, mentioning, supporting, contradicting, negating, bearing on, touching on, containing, embodying, reflecting, identifying, stating, dealing with, concerning, commenting on, responding to, relevant to, or describing.

11.     "ANY" as used in these Requests includes the word "ALL," and the word "ALL" as used in these Requests includes the word "ANY."

12.     The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes within its meaning all other tenses of the verb so used, whenever such construction results in a

**EXHIBIT 7**
**PAGE 34**

broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## INSTRUCTIONS

1.     YOU are required to produce every DOCUMENT requested that is in your possession, custody, or control.

2.     In the event YOU object to any Request set forth below on the grounds that the Request is overbroad for any reason, YOU are requested to respond to the Request as narrowed in a way that renders it not overbroad in YOUR opinion, and state the extent to which YOU have narrowed that request for purposes of YOUR response.

3.     These Requests shall be deemed to be continuing so as to require supplemental productions as YOU obtain additional DOCUMENTS between the time of the initial production hereunder and the time of trial in this action.

4.     These Requests require the production of original tangible things in the same form and in the same order as they are kept in the usual course of business. The titles or other description on the boxes, file folders, bindings, or other container in which tangible things are kept are to be left intact.

5.     DOCUMENTS should be produced in their complete and unaltered form.  Attachments to DOCUMENTS should not be removed.  The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged irrelevance.  If emails are produced that had attachments, the attachments shall be attached when produced.

6.     The fact that a DOCUMENT is produced by another party to this action does not relieve YOU of the obligation to produce YOUR copy of the same DOCUMENT, even if the two DOCUMENTS are identical.

7.     All DOCUMENTS are to be produced, organized, and labeled to correspond with the categories in this Request for the Production of Documents.

**EXHIBIT 7**
**PAGE 35**

8.      All claims of privilege are governed by Federal Rule of Civil Procedure 26.

9.      Notwithstanding the assertion of any objections, any purportedly privileged DOCUMENTS containing non-privileged matter must be disclosed, with the purportedly privileged portion redacted.  A privilege log shall be produced with the DOCUMENT responsive to these requests listing the privilege which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and provide the following information: (i) the type of DOCUMENT, e.g., letter or memorandum; (ii) the general subject matter of the DOCUMENT; (iii) the date of the DOCUMENT; and (iv) the author of the DOCUMENT, the addressees of the DOCUMENT, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

10.      In the event that any DOCUMENT called for by these Requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

(i)      the date and type of the DOCUMENT, the author(s) and all recipients;

(ii)      the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

(iii)      the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

(iv)      the persons who were authorized to carry out such destruction or discard;

(v)      the persons who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

(vi)      whether any copies of the DOCUMENT exist and, if so, the name of the custodian of each copy.

**EXHIBIT 7**
**PAGE 36**

11.     Electronically stored information shall be produced in the form in which it is stored, with all metadata intact.

12.     Unless otherwise specified, the time period covered by each Request is January 1, 2010 through the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Each LAUNCH SERVICES CONTRACT, in its originally executed form and ANY amended form.

**REQUEST FOR PRODUCTION NO. 2**:

ALL DOCUMENTS REFERRING OR RELATING TO amendments to ANY LAUNCH SERVICES CONTRACT.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS that constitute or reference COMMUNICATIONS between Argentina and SPACEX REFERRING OR RELATING TO ANY LAUNCH SERVICES CONTRACT including but not limited to payments by Argentina and/or CONAE to SPACEX, Argentina's guarantee of ANY of CONAE's obligations under ANY LAUNCH SERVICES CONTRACT, launch dates, the VANDENBERG LAUNCH SITE, critical design review meetings, launches, technical interchange meetings, and ANY other launch preparation meetings, the COMPLAINT, and ANY efforts to amend or cancel the LAUNCH SERVICES CONTRACT in light of the COMPLAINT.

EXHIBIT 7
PAGE 37

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that constitute or reference COMMUNICATIONS between CONAE and SPACEX REFERRING OR RELATING TO ANY LAUNCH SERVICES CONTRACT including but not limited to payments by Argentina and/or CONAE to SPACEX, Argentina's guarantee of ANY of CONAE's obligations under ANY LAUNCH SERVICES CONTRACT, launch dates, the VANDENBERG LAUNCH SITE, critical design review meetings, launches, technical interchange meetings, and ANY other launch preparation meetings, the COMPLAINT, and ANY efforts to amend or cancel the LAUNCH SERVICES CONTRACT in light of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS REFERRING OR RELATING TO ANY LAUNCH SERVICES CONTRACT including but not limited to DOCUMENTS REFERRING OR RELATING TO payments by Argentina and/or CONAE to SPACEX, Argentina's guarantee of ANY of CONAE's obligations under ANY LAUNCH SERVICES CONTRACT, launch dates, the VANDENBERG LAUNCH SITE and the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS REFERRING OR RELATING TO technical interchange meetings, critical design review meetings or ANY other launch planning meeting for ANY launch contemplated under the LAUNCH SERVICES CONTRACT including but not limited to the meeting minutes and/or action items resulting from such meetings.

**EXHIBIT 7**
**PAGE 38**

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to show the prices currently charged by SPACEX for SPACEX launch services.

**REQUEST FOR PRODUCTION NO. 8:**

DOCUMENTS sufficient to show SPACEX's most current flight manifest for the years 2015 - 2018.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show ALL payments made by Argentina to SPACEX in consideration of ANY LAUNCH SERVICES CONTRACT.

**REQUEST FOR PRODUCTION NO.10:**

DOCUMENTS REFERRING OR RELATING TO ALL payments made by CONAE to SPACEX in consideration of ANY LAUNCH SERVICES CONTRACT.

**REQUEST FOR PRODUCTION NO.11:**

DOCUMENTS REFERRING OR RELATING TO ALL payments and/or refunds made by SPACEX to Argentina and/or CONAE.

**REQUEST FOR PRODUCTION NO. 12:**

DOCUMENTS REFERRING OR RELATING TO ALL SPACEX clients preapproved to launch their satellites from the VANDENBERG LAUNCH SITE.

**REQUEST FOR PRODUCTION NO. 13:**

DOCUMENTS REFERRING OR RELATING TO ALL instances in which SPACEX launch services have been assigned from one PERSON to another.

PERSON, including documents sufficient to identify the PERSON assigning the launch services, the assignee, the launch dates associated with the SPACEX launch services, and the circumstances surrounding the assignment.

**REQUEST FOR PRODUCTION NO.14:**

DOCUMENTS REFERRING OR RELATING TO ALL SPACEX policies REFERRING OR RELATING TO permitting the assignment of LAUNCH SERVICE RIGHTS from one PERSON to another PERSON.

**REQUEST FOR PRODUCTION NO.15:**

DOCUMENTS REFERRING OR RELATING TO ALL instances in which SPACEX changed the date of a satellite launch at the request of the holder of LAUNCH SERVICE RIGHTS, including documents sufficient to identify the LAUNCH SERVICE RIGHTS holder, the originally scheduled date launch, the modified launch date, and the circumstances surrounding the change in the launch date.

**REQUEST FOR PRODUCTION NO. 16:**

DOCUMENTS REFERRING OR RELATING TO ALL instances in which SPACEX changed the satellite launch site at the request of the holder of LAUNCH SERVICE RIGHTS, including documents sufficient to identify the LAUNCH SERVICE RIGHTS holder, the original launch site contracted for, the modified launch site, and the circumstances surrounding the change in launch site.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to identify the manufacturer of the Argentina/CONAE satellites to be launched by SPACEX under the LAUNCH SERVICES CONTRACT.

**REQUEST FOR PRODUCTION NO. 18:**

Aside from the Argentina/CONAE satellites contemplated to be launched under the LAUNCH SERVICES CONTRACT, DOCUMENTS sufficient to identify ALL payloads, if any, that are to be included on the SPACEX launch vehicles used to launch such satellites.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS REFERRING OR RELATING TO ALL technical models provided to SPACEX by Argentina, including, but not limited to, finite element models, structural models, mass models, fuel models, and thermal models.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS REFERRING OR RELATING TO ALL technical models provided to SPACEX by CONAE, including, but not limited to, finite element models, structural models, mass models, fuel models, and thermal models.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that constitute or reference COMMUNICATIONS REFERRING OR RELATING a SPACEX customer requesting to purchase the LAUNCH SERVICE RIGHTS of another SPACEX customer.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS that constitute or reference COMMUNICATIONS REFERRING OR RELATING TO SPACEX relocating a scheduled launch from the VANDENBERG LAUNCH SITE to the SPACEX launch site at Cape Canaveral, Florida.

**EXHIBIT 7**
**PAGE 41**

PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS REFERRING OR RELATING TO ANY restrictions in the LAUNCH SERVICES CONTRACT that might limit the ability of NML to take possession of, market, or sell Argentina's LAUNCH SERVICE RIGHTS.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS REFERRING OR RELATING TO ALL executory or unfulfilled obligations of CONAE and/or Argentina under the LAUNCH SERVICES CONTRACT on which its entitlement for Launch Service Rights are predicated, including but not limited to payments not yet made or that have not yet come due.

DATED: January 26, 2015                QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP


                                       By _____
                                           Bruce E. Van Dalsem
                                           Harold A. Barza
                                           Ian S. Shelton
                                           Matthew S. Hosen
                                           Attorneys for Plaintiff NML Capital, Ltd.

EXHIBIT 7
PAGE 42