# EXHIBIT 8

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harold A. Barza (Bar No. 80888)
  halbarza@quinnemanuel.com
  Bruce E. Van Dalsem (Bar No. 124128)
  brucevandalsem@quinnemanuel.com
  Ian S. Shelton (Bar No. 264863)
  ianshelton@quinnemanuel.com
  Matthew S. Hosen (Bar No. 291631)
  matthosen@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Of Counsel*:

DECHERT LLP
  Robert A. Cohen (admitted *pro hac vice*)
  robert.cohen@dechert.com
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

Attorneys for Plaintiff NML Capital, Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NML CAPITAL, LTD., | CASE NO. 14 CV 02262-SVW-Ex |
| Plaintiff, | Hon. Stephen V. Wilson |
| vs. | **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.** |
| SPACE EXPLORATION TECHNOLOGIES CORP., aka SPACEX, a Delaware corporation; THE REPUBLIC OF ARGENTINA, a foreign state, including its *COMISIÓN NACIONAL DE ACTIVIDADES ESPACIALES*, aka CONAE, a political subdivision of the Argentine State; and DOES 1-10, | |
| Defendants. | |

01998.23618/6453057.1   15452387.5.LITIGATION

EXHIBIT 8
PAGE 43

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff NML Capital, Ltd. ("NML") hereby requests that Defendant Space Exploration Technologies Corp., aka SpaceX ("SpaceX") answer the following interrogatories ("Interrogatories"), separately and fully, in writing and under oath, within 30 days after service hereof. SpaceX shall be obligated to supplement its responses to the Interrogatories at such times and to the extent required by the Federal Rules of Civil Procedure.

Definitions

1. "YOU," "YOUR," "SPACEX" or "Defendant" means Space Exploration Technologies Corp. and all predecessors-in-interest and successors-in-interest, all past or present parents, subsidiaries, divisions and affiliates, any companies that have a controlling interest in SPACEX, and any current or former employee, officer, director, agent, consultant, accountant, attorney or representative thereof, or anyone acting on its or their behalf.

2. "Argentina" means the Republic of Argentina and all branches, commissions, committees, administrative units, political units, legal units, bodies, divisions, political subdivisions, instrumentalities, agencies and departments, and any current or former officers, officials, directors, ministers, attorneys, agents and representatives thereof, or anyone acting on its or their behalf. For the avoidance of doubt, the term "Argentina" includes "CONAE" as defined below.

3. "CONAE" means the Comisión Nacional De Actividades Espaciales and all predecessors-in-interest and successors-in-interest, all past or present branches, commissions, committees, administrative units, political units, legal units, bodies, subsidiaries, divisions, departments and affiliates, any entities that have a controlling interest in CONAE, and any current or former employee, officer, director, agent, consultant, accountant, official, minister, attorney or representative thereof, or anyone acting on its or their behalf.

4. "COMPLAINT" means NML Capital, Ltd.'s Complaint for Creditor's Suit filed March 25, 2014 in the United States District Court for the Central District of California (14-cv-02262).

5. "LAUNCH SERVICES CONTRACT" means the agreement or agreements between Argentina and SPACEX relating to SPACEX's performance of satellite launch services for two Argentine satellites, as referenced in the COMPLAINT.

6. "LAUNCH SERVICE RIGHTS" means any contractual right, benefit, interest, or power obtained as a result of entering into a contract or agreement with SPACEX for the performance of satellite launch services, including but not limited to the right to a satellite launch date and launch site, the right to a rocket to deliver a satellite into orbit, and the right to all of the services required for delivering a satellite into orbit around the Earth.

7. "VANDENBERG LAUNCH SITE" means the Vandenberg Air Force Base Space Launch Complex in California.

8. "PERSON" or "PERSONS" means any natural person, association, partnership, corporation, joint venture, government entity, organization, trust, institution, proprietorship, or any other business or legal entity.

9. "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of COMMUNICATION or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-

1  identical copies of such DOCUMENTS, in the possession, custody, or control of
2  YOU or any other PERSON acting on YOUR behalf.

3      10.    "COMMUNICATION" or "COMMUNICATIONS" means without
4  limitation any transmittal, disclosure, transfer or exchange of any statement, fact,
5  idea, DOCUMENT, question, instruction, demand, or other information by any
6  medium, whether by oral, written or other means, including but not limited to
7  electronic communications and electronic mail.

8      11.    "IDENTIFY" or "IDENTITY" means the following:

9      (a)    with reference to an individual or individuals, means to state,
10 fully and separately as to each, such individual's full name, any known business
11 title, current or last known business affiliation, current or last known residential
12 address, current or last known business address, current or last known relationship to
13 YOU, and current or last known telephone number.

14     (b)    with reference to an entity or entities, means to state, fully and
15 separately as to each, such entity's full name, state (or country) of incorporation or
16 organization, present or last known address, and present or last known telephone
17 number.

18     (c)    with reference to any DOCUMENT or DOCUMENTS, means to
19 describe each DOCUMENT by Bates number.  In the event that a DOCUMENT
20 does not have a Bates number, IDENTIFY means, with respect to each such
21 DOCUMENT, to provide a complete description of it such that it may be the subject
22 of a request for the production of documents, including by stating the date, identity
23 of the author, addressee(s), signatories, parties, or other PERSONS identified
24 therein, its present location or custodian and a description of its contents.

25     12.    "ANY" as used in these Interrogatories includes the word "ALL," and
26 the word "ALL" as used in these Interrogatories includes the word "ANY."

27     13.    The singular form of a noun or pronoun includes within its meaning the
28 plural form of the noun or pronoun so used, and vice versa; the use of the masculine

form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb includes within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

<u>Instructions</u>

A.    When an interrogatory requests disclosure of a DOCUMENT or other information as to which YOU claim any privilege or protection as a ground for nondisclosure, identify each PERSON who participated in or had knowledge of the DOCUMENT or other information and also provide the following:

   (i)    the privilege or protection that YOU claim precludes disclosure;

   (ii)   the subject matter of the DOCUMENT or information (without revealing the content as to which the privilege is claimed); and

   (iii)  any additional facts or grounds on which YOU base YOUR claim of privilege or protection.

B.    When an interrogatory requests that YOU provide information, YOU are required to supply all information known by or available to YOU or YOUR employees, officers, directors, agents, representatives and attorneys. If YOU cannot completely answer the interrogatory after making diligent efforts to do so, please so state. Then describe in detail all efforts made to answer the interrogatory; identify every PERSON involved in such efforts; and state the additional information YOU need, if any, to respond completely to the interrogatory.

C.    YOUR obligation to respond to these Interrogatories is continuing so as to require further and supplemental response in accordance with the Federal Rules of Civil Procedure.

Interrogatories

**INTERROGATORY NO. 1:**

Describe every instance in which SPACEX LAUNCH SERVICE RIGHTS have been assigned from a LAUNCH SERVICE RIGHTS holder to another PERSON, including, without limitation thereby, the IDENTITY of YOUR customer, the IDENTITY of the assignee, any conditions that YOU imposed on the assignment, the date of the assignment and the IDENTITY of YOUR employees, officers and/or directors involved in any way with the assignment or its approval.

**INTERROGATORY NO. 2:**

Describe every instance in which YOU have allowed a holder of LAUNCH SERVICE RIGHTS to change the launch site under its launch services contract, including, without limitation thereby, the IDENTITY of the LAUNCH SERVICE RIGHTS holder, the nature of the change in launch site, any conditions that YOU imposed on the change, the date of the approval and the IDENTITY of YOUR employees, officers and/or directors involved in any way with the change or its approval.

**INTERROGATORY NO. 3:**

Describe YOUR policy for allowing a holder of LAUNCH SERVICE RIGHTS to change the launch date.

**INTERROGATORY NO. 4:**

Describe YOUR policy for allowing a holder of LAUNCH SERVICE RIGHTS to change the launch site.

**INTERROGATORY NO. 5:**

Describe every instance in which YOU have allowed LAUNCH SERVICE RIGHTS to be used by a PERSON other than the PERSON that originally signed the launch service contract giving rise to the LAUNCH SERVICE RIGHTS, including, without limitation thereby, the IDENTITY of the PERSON that originally contracted for the LAUNCH SERVICE RIGHTS, the IDENTITY of the PERSON that used the LAUNCH SERVICE RIGHTS, any conditions that YOU imposed on transfer of the LAUNCH SERVICE RIGHTS, the date of the transfer and the IDENTITY of YOUR employees, officers and/or directors involved in any way with the transfer of the LAUNCH SERVICE RIGHTS or its approval.

**INTERROGATORY NO. 6:**

IDENTIFY all COMMUNICATIONS between YOU and ARGENTINA regarding any LAUNCH SERVICE CONTRACT and/or the LAUNCH SERVICE RIGHTS, including, without limitation thereby, the date of the COMMUNICATION, the PERSONS involved the COMMUNICATION, and the topics discussed during the COMMUNICATION.

**INTERROGATORY NO. 7:**

IDENTIFY all COMMUNICATIONS between YOU and CONAE regarding any LAUNCH SERVICE CONTRACT and/or the LAUNCH SERVICE RIGHTS, including, without limitation thereby, the date of the COMMUNICATION, the PERSONS involved the COMMUNICATION, and the topics discussed during the COMMUNICATION.

**INTERROGATORY NO. 8:**

Excluding CONAE, describe the role of Argentina in the LAUNCH SERVICES CONTRACT, including, without limitation, the extent to which

Argentina was involved in negotiating, providing information, guaranteeing payment under the contract, or any other involvement and the IDENTITY of all PERSONS acting on behalf of Argentina.

**INTERROGATORY NO. 9:**

IDENTIFY all PERSONS that are currently parties to contracts with YOU for LAUNCH SERVICE RIGHTS to launch from the VANDENBERG LAUNCH SITE.

**INTERROGATORY NO. 10:**

IDENTIFY the date of the satellite launches currently scheduled to launch from the VANDENBERG LAUNCH SITE.

**INTERROGATORY NO. 11:**

IDENTIFY the type of SPACEX rocket expected to be used for each launch currently scheduled to launch from the VANDENBERG LAUNCH SITE.

**INTERROGATORY NO. 12:**

Describe in detail any restrictions in the LAUNCH SERVICES CONTRACT that might limit the ability of NML to take possession of, market, or sell Argentina's/CONAE's LAUNCH SERVICE RIGHTS.

**INTERROGATORY NO. 13:**

Describe in detail whether or not the launches contemplated under the LAUNCH SERVICES CONTRACT could be moved to SPACEX's Cape Canaveral launch site.

**INTERROGATORY NO. 14:**

Aside from the Argentina/CONAE satellites contemplated to be launched under the LAUNCH SERVICES CONTRACT, IDENTIFY all payloads, if any, that are to be included on the SPACEX launch vehicles used to launch such satellites, and for each such payload, state the name of the SPACEX customer to whom the payload belongs.

**INTERROGATORY NO. 15:**

IDENTIFY ALL executory or unfulfilled obligations of CONAE and/or Argentina under the LAUNCH SERVICES CONTRACT on which its entitlement for Launch Service Rights are predicated, including but not limited to payments not yet made or that have not yet come due.

DATED: January 26, 2015          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By _____
　　Bruce E. Van Dalsem
　　Harold A. Barza
　　Ian S. Shelton
　　Matthew S. Hosen
　　Attorneys for Plaintiff NML Capital, Ltd.