# EXHIBIT 9

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harold A. Barza (Bar No. 80888)
  halbarza@quinnemanuel.com
  Bruce E. Van Dalsem (Bar No. 124128)
  brucevandalsem@quinnemanuel.com
  Ian S. Shelton (Bar No. 264863)
  ianshelton@quinnemanuel.com
  Matthew S. Hosen (Bar No. 291631)
  matthosen@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Of Counsel*:

DECHERT LLP
  Robert A. Cohen (admitted *pro hac vice*)
  robert.cohen@dechert.com
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

Attorneys for Plaintiff NML Capital, Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NML CAPITAL, LTD., | CASE NO. 14 CV 02262-SVW-Ex |
| Plaintiff, | Hon. Stephen V. Wilson |
| vs. | **PLAINTIFF'S 30(B)(6) DEPOSITION NOTICE TO DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP., aka SPACEX** |
| SPACE EXPLORATION TECHNOLOGIES CORP., aka SPACEX, a Delaware corporation; THE REPUBLIC OF ARGENTINA, a foreign state, including its *COMISIÓN NACIONAL DE ACTIVIDADES ESPACIALES*, aka CONAE, a political subdivision of the Argentine State; and DOES 1-10, | |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30, Plaintiff NML Capital, Ltd. ("NML") will take the deposition upon oral examination of Defendant Space Exploration Technologies Corp. ("SpaceX") starting February __, 2015, continuing day-to-day, until all topics have been covered, at the offices of Quinn Emanuel Urquhart & Sullivan, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543. Pursuant to Rule 30(b)(6), SpaceX shall designate one or more of its officers, directors, managing agents, or other persons to testify on its behalf as to matters known or reasonably available to SpaceX concerning the subjects identified in Appendix A attached hereto.

**PLEASE TAKE FURTHER NOTICE** that the deposition will be taken by a notary public or other person qualified to administer oaths; will be recorded stenographically, including recording by instant visual display of the testimony; and will be videotaped.

DATED: January 26, 2015    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____
Bruce E. Van Dalsem
Harold A. Barza
Ian S. Shelton
Matthew S. Hosen
Attorneys for Plaintiff NML Capital, Ltd.

# APPENDIX A
# DEFINITIONS

The topics provided below are subject to and incorporate the following definitions, regardless of whether upper or lower case letters are used:

1. "SPACEX" means Defendant Space Exploration Technologies Corp. and all predecessors-in-interest and successors-in-interest, all past or present parents, subsidiaries, divisions and affiliates, any companies that have a controlling interest in SpaceX, and any current or former employee, officer, director, agent, consultant, accountant, attorney or representative thereof, or anyone acting on its or their behalf.

2. "Argentina" means Defendant Republic of Argentina and all branches, commissions, committees, administrative units, political units, legal units, bodies, divisions, political subdivisions, instrumentalities, agencies and departments, and any current or former officers, officials, directors, ministers, attorneys, agents and representatives thereof, or anyone acting on its or their behalf. For the avoidance of doubt, the term "Argentina" includes "CONAE" as defined below.

3. "CONAE" means the Comisión Nacional De Actividades Espaciales and all predecessors-in-interest and successors-in-interest, all past or present branches, commissions, committees, administrative units, political units, legal units, bodies, subsidiaries, divisions, departments and affiliates, any entities that have a controlling interest in CONAE, and any current or former employee, officer, director, agent, consultant, accountant, official, minister, attorney or representative thereof, or anyone acting on its or their behalf.

4. "COMPLAINT" means NML's Complaint for Creditor's Suit filed March 25, 2014 in the United States District Court for the Central District of California (14-cv-02262).

5. "LAUNCH SERVICES CONTRACT" means the agreement or agreements between Argentina and SPACEX relating to SPACEX's performance of

satellite launch services for two Argentine satellites, as referenced in the COMPLAINT.

6. "LAUNCH SERVICE RIGHTS" means any contractual right, benefit, interest, or power obtained as a result of entering into a contract or agreement with SPACEX for the performance of satellite launch services, including but not limited to the right to a satellite launch date and launch site, the right to a rocket to deliver a satellite into orbit, and the right to all of the services required for delivering a satellite into orbit around the Earth.

7. "REFERRING OR RELATING TO" means referring to, relating to, discussing, constituting, evidencing, pertaining to, mentioning, supporting, contradicting, negating, bearing on, touching on, containing, embodying, reflecting, identifying, stating, dealing with, concerning, commenting on, responding to, relevant to, or describing.

8. "ANY" as used in this Notice includes the word "ALL," and the word "ALL" as used in this Notice includes the word "ANY."

9. "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and Rule 34 of the Federal Rules of Civil Procedure and shall include all writings, including but not limited to handwriting, typewriting, printing, image, photograph, photocopy, digital file of any kind, transmittal by (or as an attachment to) electronic mail (including instant messages and text messages) or facsimile, video and audio recordings, and every other means of recording upon any tangible thing, any form of COMMUNICATION or representation, and any record thereby created, regardless of the manner in which the record has been stored, and all non-identical copies of such DOCUMENTS, in the possession, custody, or control of YOU or any other PERSON acting on YOUR behalf.

10. "COMMUNICATION" or "COMMUNICATIONS" means without limitation any transmittal, disclosure, transfer or exchange of any statement, fact,

1 idea, DOCUMENT, question, instruction, demand, or other information by any
2 medium, whether by oral, written or other means, including but not limited to
3 electronic communications and electronic mail.

4     11.   "PERSON(S)" shall mean any natural person or any business, legal, or
5 governmental entity or association.

6     12.   "IDENTIFY" or "IDENTITY" means the following:

7         a.   with reference to an individual or individuals, means to state,
8 fully and separately as to each, such individual's full name, any known business
9 title, current or last known business affiliation, current or last known residential
10 address, current or last known business address, current or last known relationship to
11 YOU, and current or last known telephone number.

12         b.   with reference to an entity or entities, means to state, fully and
13 separately as to each, such entity's full name, state (or country) of incorporation or
14 organization, present or last known address, and present or last known telephone
15 number.

16         c.   with reference to any DOCUMENT or DOCUMENTS, means to
17 describe each DOCUMENT by Bates number. In the event that a DOCUMENT
18 does not have a Bates number, IDENTIFY means, with respect to each such
19 DOCUMENT, to provide a complete description of it such that it may be the subject
20 of a request for the production of documents, including by stating the date, identity
21 of the author, addressee(s), signatories, parties, or other PERSONS identified
22 therein, its present location or custodian and a description of its contents.

23     13.   The singular form of a noun or pronoun includes within its meaning the
24 plural form of the noun or pronoun so used, and vice versa; the use of the masculine
25 form of a pronoun also includes within its meaning the feminine form of the
26 pronoun so used, and vice versa; the use of any tense of any verb includes within its
27 meaning all other tenses of the verb so used, whenever such construction results in a
28

broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## DEPOSITION TOPICS

**Topic No. 1:**

The negotiation of ANY LAUNCH SERVICES CONTRACT.

**Topic No. 2:**

Argentina's and/or CONAE's intended use of its LAUNCH SERVICE RIGHTS.

**Topic No. 3:**

The ability of SPACEX to change a satellite launch date, including ANY instances in the past in which SPACEX has done so.

**Topic No. 4:**

The ability of SPACEX to change a satellite launch site, including ANY instances in the past in which SPACEX has done so.

**Topic No. 5:**

COMMUNICATIONS between SPACEX and Argentina, including but not limited to all written and oral COMMUNICATIONS with CONAE.

**Topic No. 6:**

Payments received by SPACEX arising from ANY LAUNCH SERVICES CONTRACT.

**Topic No. 7:**

Meetings at which ANY LAUNCH SERVICES CONTRACT was discussed including but not limited to technical interchange meetings, launch preparation meetings and ANY other design review meetings.

**Topic No. 8:**

The IDENTITY of SPACEX's actual and potential customers for LAUNCH SERVICE RIGHTS.

**Topic No. 9:**

The existence of ANY restrictions in any LAUNCH SERVICES CONTRACT that limit the ability of NML to take possession of, market, or sell Argentina's/CONAE's LAUNCH SERVICE RIGHTS.

**Topic No. 9:**

COMMUNICATIONS between SPACEX and Argentina, including but not limited to all written and oral COMMUNICATIONS with CONAE, REFERRING OR RELATING TO the COMPLAINT and ANY efforts to amend or cancel the LAUNCH SERVICES CONTRACT in light of the COMPLAINT.

**Topic No. 10:**

ALL executory or unfulfilled obligations of CONAE and/or Argentina under the LAUNCH SERVICES CONTRACT on which its entitlement for Launch Service Rights are predicated, including but not limited to payments not yet made or that have not yet come due.

| | | |
|---|---|---|
| 1 | DATED: January 26, 2015 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By_____
    Bruce E. Van Dalsem
    Harold A. Barza
    Ian S. Shelton
    Matthew S. Hosen
    Attorneys for Plaintiff NML Capital, Ltd.