1  DONALD R. BROWN (Bar No. CA 156548)
   E-mail: dbrown@manatt.com
2  CARL L. GRUMER (Bar No. CA 066045)
   E-mail: cgrumer@manatt.com
3  MANATT, PHELPS & PHILLIPS, LLP
   11355 West Olympic Boulevard
4  Los Angeles, CA 90064-1614
   Telephone: (310) 312-4000, Facsimile: (310) 312-4224
5
6  JONATHAN I. BLACKMAN (*Pro Hac Vice*)
   E-mail: jblackman@cgsh.com
7  CARMINE D. BOCCUZZI (*Pro Hac Vice*)
   E-mail: cboccuzzi@cgsh.com
8  MICHAEL M. BRENNAN (*Pro Hac Vice*)
   E-mail: mbrennan@cgsh.com
9  CLEARY GOTTLIEB STEEN & HAMILTON LLP
   One Liberty Plaza
10 New York, NY 10006
   Telephone: (212) 225-2000, Facsimile: (212) 225-3999

11 MATTHEW D. SLATER (*Pro Hac Vice*)
   E-mail: mslater@cgsh.com
12 CLEARY GOTTLIEB STEEN & HAMILTON LLP
   2000 Pennsylvania Ave., NW, 9th Floor
13 Washington D.C. 20006
   Telephone: (202) 974-1500, Facsimile: (202) 974-1999
14
   Attorneys for *Defendant*
15 THE REPUBLIC OF ARGENTINA

16
                    UNITED STATES DISTRICT COURT
17
                          CENTRAL DISTRICT
18

| | |
|---|---|
| 19  NML CAPITAL, LTD., | No. 14 CV 02262-SVW-Ex |
| 20           Plaintiff, | Hon. Stephen V. Wilson |
| 21     vs. | **OPPOSITION OF THE REPUBLIC OF ARGENTINA TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |
| 22  SPACE EXPLORATION TECHNOLOGIES CORP., aka SPACEX, a Delaware corporation; THE REPUBLIC OF ARGENTINA, a foreign state, including its *COMISIÓN NACIONAL DE ACTIVIDADES ESPACIALES*, aka CONAE, a political subdivision of the Argentine State; and DOES 1-10, | Hearing Date:  March 9, 2015<br>Time:          1:30 p.m.<br>Courtroom:     6 |
| 27           Defendants. | |

The Court should deny NML's motion, by which it seeks prematurely to initiate discovery so that it can "effectively levy" on the so-called Launch Right Services it targets in this post-judgment creditor's suit. *See* NML Mot. at 1 [Dkt. No. 43]. NML does not, because it cannot, demonstrate the requisite good cause.[1]

*First*, the Court currently has pending before it the motions to dismiss of both SpaceX and the Republic of Argentina (the "Republic"). These motions come after Judge Otero's previous rejection of NML's earlier improper attempt to interfere with a third party's launch of a Comisión Nacional de Actividades Espaciales ("CONAE") satellite mission. *NML Capital, Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111 (C.D. Cal. 2011) ("*Spaceport*"). In *Spaceport*, this Court held that the property at issue was immune under Section 1610(a) of the Foreign Sovereign Immunities Act ("FSIA") and that NML's execution attempt was against the public interest. *Id.* at 1120-27.

As the Republic demonstrated in its pending motion, NML's action seeking to execute on CONAE's contract rights with SpaceX fails both because CONAE is not liable for the Republic's debts or subject to jurisdiction here, and in any event the property that NML targets is immune from execution under FSIA Section 1610(a) because it is not being "used" for any activity whatsoever, let alone one that is "commercial" in nature. *See* Republic Br. at 10-21 [Dkt. No. 18-1]; Republic Reply Br. at 2-12 [Dkt. No. 31]. SpaceX joined in and adopted the Republic's motion. SpaceX Mot. at 1-2 [Dkt. No. 17] ("[t]he FSIA's bar as to Argentina and CONAE necessarily leads to dismissal of this action against SpaceX, too, as NML's claim against SpaceX is predicated on the Court's ability to reach the Contracts. If NML cannot execute upon the Contracts, then there can be no creditor's claim against SpaceX" (citing Cal. Code Civ. Proc. § 708.210)). Even if

---

[1] So as not to burden the Court with duplicative arguments, the Republic hereby joins in and adopts co-defendant Space Exploration Technologies Corporation's ("SpaceX") opposition to NML's motion for leave to serve discovery.

NML claimed to need discovery to resolve jurisdictional issues, which it does not, jurisdictional discovery is inappropriate in the face of the Republic's and SpaceX's pending and well-grounded motions to dismiss on jurisdictional grounds. *See* Republic Br. at 12 ("The Court should accordingly dismiss the Complaint for both lack of subject matter jurisdiction and failure to state a claim, because CONAE plainly qualifies as an immune 'agency or instrumentality' of the Republic, and NML has offered no basis for the Court's jurisdiction over this action or for disregarding CONAE's presumptive separateness."); *Boschetto v. Hansing*, 539 F. 3d 1011, 1020 (9th Cir. 2008) (no abuse of discretion in denying plaintiff opportunity to conduct discovery, even on jurisdictional issues, where motion to dismiss for lack of jurisdiction was pending).

Although NML asserts that the Republic and SpaceX have inappropriately imposed a "stay" of discovery, courts routinely reject efforts like NML's here to prematurely initiate discovery when a motion to dismiss grounded on sovereign immunity is pending. *See Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982) (holding that motions to dismiss that raise immunity as a ground for dismissal warrant staying discovery); *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) (respondent's deficient complaint, which raised issues of immunity, did not entitle the respondent "to discovery, cabined or otherwise"); *Little v. City of Seattle*, 863 F.2d 681, 686 (9th Cir. 1988) ("trial court did not abuse its discretion by staying discovery until the immunity issue was decided," which had "further[ed] the goal of efficiency for the court and litigants"); *Hart v. Gaione*, No. CV 02-1331 RMT, 2003 WL 21308891, at *1 (C.D. Cal. June 3, 2003) ("A defendant is entitled to a ruling on a dispositive motion based on immunity before the commencement of discovery."). Until this Court has decided the threshold immunity issues raised by the Republic's and SpaceX's motions to dismiss, no discovery should proceed.

*Second*, separate and apart from the unresolved immunity claim, interests of efficiency and judicial economy also warrant putting off discovery in light of the

pending dispositive motions that could serve to limit the scope of such discovery or eliminate the need for any discovery at all. As the Ninth Circuit has explained:

> The purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery. . . . . [I]f the allegations of the complaint fail to establish the requisite elements of the cause of action, our requiring costly and time consuming discovery and trial work would represent an abdication of our judicial responsibility. It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.

*Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (citations omitted); *see also Foley v. Pont*, No. 2:11-cv-01769-ECR, 2012 WL 2503074, at *6 (D. Nev. June 27, 2012) (in considering appropriateness of discovery while dispositive motion is pending "this court considers the goal of Federal Rule of Civil Procedure 1, which states that the rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'"); *Hall v. Apollo Grp., Inc.*, No. 14-CV-01404-LHK, 2014 WL 4354420, at *7 (N.D. Cal. Sept. 2, 2014) (holding that the parties need not engage in Rule 26(f) conference until after the complaint survives a motion to dismiss).

The cases that NML cites are not to the contrary, and support only the proposition that in the context of intellectual property and unfair competition actions, certain limited discovery may in some instances be taken at a preliminary stage where it concerns threshold issues. *See Zynga Game Network Inc. v. Williams*, No. CV-10:01022 JF, 2010 WL 2077191 (N.D. Cal. May 20, 2010) (trademark infringement); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002) (patent infringement); *UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214 (N.D. Cal. Sept. 3, 2008) (copyright infringement); *Apple Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2011 WL 1938154 (N.D. Cal. May 18, 2011 (trademark and patent infringement); *NobelBiz, Inc. v. Wesson*, No. 14cv0832 W (JLB), 2014 WL 1588715, at *2 (S.D.

Cal. Apr. 18, 2014) (misappropriation of trade secrets). Those cases plainly provide no support for the merits discovery that NML seeks here in this *post-judgment execution* action where the Republic's *motion to dismiss remains pending*.

*Third*, the Court should reject NML's motion because contrary to NML's assertion, the discovery requests that it proposes to serve are neither "limited" nor "narrowly tailored." NML requests leave to propound 14 document requests and 15 interrogatories on the Republic as well as 24 document requests and 15 interrogatories on SpaceX in addition to taking its deposition. The discovery requests on the Republic alone demand, *inter alia*, "[a]ll DOCUMENTS that constitute or reference COMMUNICATIONS between Argentina and SPACEX REFERRING OR RELATING TO ANY LAUNCH SERVICES CONTRACT . . ." (Pls. First Request for Production to Defendant the Republic of Argentina at 6) and "[a]ll DOCUMENTS that constitute or reference technical interchange meetings, critical design review meetings or ANY other launch preparation meeting for ANY launch contemplated under ANY LAUNCH SERVICES CONTRACT, including but not limited to the meeting minutes and/or action items resulting from such meetings" (*Id.* at 7). While the discovery of this breadth would be improper under any circumstances, it is all the more so here, where the merits of NML's complaint are still pending before the Court.

Nor does NML's purported "Need To Expeditiously Prosecute This Case" otherwise justify the discovery it seeks. NML Mot. at 3. To the contrary, NML's stated need for time to market and sell the contract rights at issue to a third party, *see, e.g.*, NML Mot. at 2, only highlights the lack of any requisite "use" of those rights here by CONAE under FSIA Section 1610(a). Unlike NML's purported planned, affirmative commercial use, CONAE is not transferring its rights to a third party for consideration, nor is it using them "as security on a loan [or] as payment for goods." *See Ministry of Def. & Support for the Armed Forces of the Islamic*

*Republic of Iran v. Cubic Def. Sys., Inc.*, 495 F.3d 1024, 1037 (9th Cir. 2007), *vacated on other grounds*, 546 U.S. 450 (2006). That NML, a private actor, may wish to use the assets for a commercial activity says nothing as to whether CONAE is so using them, and indeed highlights that CONAE is not using them at all, let alone as a party wishing to commercialize them would (or intends to). *See Aurelius Capital Partners, LP v. Republic of Argentina*, 584 F.3d 120, 129-31 (2d Cir. 2009) (Wallace, J., by designation) ("The commercial activities of the private corporations who managed these assets are irrelevant to this inquiry. . . . [W]e hold that a sovereign's mere transfer to a governmental entity of legal control over an asset does not qualify the property as being 'used for a commercial activity.'"). CONAE remains in passive possession of those rights and will continue to do so through the upcoming scheduled launches, *see* Republic Reply Br. at 8-12, rendering them immune from execution under the FSIA and the discovery sought baseless.

## CONCLUSION

For the foregoing reasons, the Republic respectfully requests that the Court deny NML's motion.

Dated: February 17, 2015

MANATT, PHELPS & PHILLIPS, LLP

By: /s/ Donald R. Brown
Donald R. Brown
Attorneys for *Defendant*
THE REPUBLIC OF ARGENTINA

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Jonathan I. Blackman
Carmine D. Boccuzzi
Michael M. Brennan
Matthew D. Slater
Attorneys for *Defendant*
THE REPUBLIC OF ARGENTINA