COOLEY LLP
WILLIAM P. DONOVAN, JR. (SBN 155881)
wdonovan@cooley.com
PATRICIA A. EBERWINE (SBN 258916)
peberwine@cooley.com
1333 2nd Street, Suite 400
Santa Monica, CA  90401
Telephone:   (310) 883-6400
Facsimile:    (310) 883-6500

MATTHEW D. CAPLAN (SBN 260388)
mcaplan@cooley.com
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

Attorneys for Defendant
SPACE EXPLORATION TECHNOLOGIES CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NML CAPITAL, LTD.,<br><br>        Plaintiff,<br><br>    v.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP., et al.,<br><br>        Defendants. | Case No. CV 14-02262-SVW (Ex)<br><br>[*Assigned to the Hon. Stephen V. Wilson*]<br><br>**DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S OPPOSITION TO PLAINTIFF NML CAPITAL LTD.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SERVE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE**<br><br>Hearing<br>Date:        March 9, 2015<br>Time:        1:30 p.m.<br>Courtroom: 6 |

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

SPACEX'S OPPOSITION TO NML'S
MOTION FOR LEAVE TO SERVE
DISCOVERY PRIOR TO RULE 26(f) CONF.

Defendant Space Exploration Technologies Corporation ("SpaceX") respectfully submits this Opposition to Plaintiff NML Capital, Ltd.'s ("NML" or "Plaintiff") Motion for Leave to Serve Discovery Prior to Rule 26(f) Conference (the "Motion").

## I. INTRODUCTION

NML's Motion should be denied because the proposed discovery is both premature and in any event wildly overbroad at this juncture in the case.

NML brings this action as a creditor of The Republic of Argentina ("Argentina"), trying to execute and sell certain contract rights between Argentina's space agency, Comisión Nacional de Actividades Espaciales ("CONAE"), and SpaceX. SpaceX and Argentina vigorously contest jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"). With motions to dismiss pending that challenge the Court's jurisdiction, governing authority makes clear that a plaintiff may take, at most, only limited discovery related to jurisdiction. In the instant case, the discovery NML seeks is unrelated to the pending FSIA dismissal motion.

In addition , the proposed discovery requests far eclipse any permissible scope even if the case were to proceed. While correctly asserting throughout these proceedings that SpaceX is a nominal defendant, NML's proposed discovery requests to SpaceX would impose an unjustifiable burden on SpaceX to conduct massive, costly searches of information as well as to give Rule 30(b)(6) testimony on multiple topics. NML's requests also seek information that is highly proprietary, confidential, and premature at this stage of the proceedings when NML has not even established jurisdiction, let alone made any progress in proving the right to execute on the contract at issue. Accordingly, the Motion should be denied.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Argentina and SpaceX have filed timely motions to dismiss this civil action on the grounds that the Court lacks jurisdiction over this dispute. These motions are still pending, but other courts have rejected similar efforts by NML, including

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

1.

SPACEX'S OPPOSITION TO NML'S
MOTION FOR LEAVE TO SERVE
DISCOVERY PRIOR TO RULE 26(f) CONF.

1  on the same jurisdictional grounds. (*See* Argentina's Mot. to Dis. at 5:15-7:15 [Dkt
2  No. 18].)
3       On July 17, 2014, after the motions to dismiss were heard, to the parties
4  discussed whether a Rule 26(f) conference should occur to commence discovery.
5  (Pltf.'s Ex. 2 at 8.) Defendants stated that any Rule 26(f) conference would be
6  premature until the jurisdictional issues were resolved. (*Id.*) Plaintiff did not
7  challenge or contest this position. Many months later on January 21, 2015,
8  however, NML asked SpaceX to voluntarily accept service of 24 requests for
9  production of documents, answer 15 interrogatories, and provide testimony on 10
10 Rule 30(b)(6) topics. (Pltf.'s Exs. 7-9.) SpaceX declined. Argentina similarly
11 declined to engage in discovery.
12      NML's proposed discovery seeks proprietary and confidential information
13 from SpaceX, including documents showing the prices charged by SpaceX to <u>all</u>
14 clients (Exh. 7 at 39 (RFP 7)); documents "referring or relating to" <u>all</u> SpaceX
15 clients approved to launch from California (*Id*. (RFP 12)); documents referring to
16 <u>all</u> instances in which SpaceX changed the satellite launch date at any time for any
17 client (*Id*. at 40 (RFP 15-16)); as well as the identity and details of <u>all</u> contracts
18 SpaceX has with other customers for launches in California. (Exh 8 at 50 (Rogs 9-
19 10).)

## III. ARGUMENT

### A. The Proposed Discovery Is Premature Because Jurisdictional Challenges Are Pending

23     A defendant who moves to dismiss on jurisdictional grounds is generally not
24 required to respond to discovery requests that pertain to non-jurisdictional matters,
25 as NML's discovery requests do here. *Boschetto v. Hansing*, 539 F. 3d 1011, 1020
26 (9th Cir. 2008) (finding that a trial court did not abuse its discretion in denying
27 plaintiff the opportunity to conduct discovery, even on jurisdictional issues, where a
28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

2.

SPACEX'S OPPOSITION TO NML'S
MOTION FOR LEAVE TO SERVE
DISCOVERY PRIOR TO RULE 26(f) CONF.

1   motion to dismiss was pending on jurisdictional grounds); *Wagh v. Metris Direct,*
2   *Inc.*, 363 F. 3d 821, 829 (9th Cir. 2003) ("discovery at the pleading stage is only
3   appropriate where factual issues are raised by a Rule 12(b) motion."), *overruled on*
4   *other grounds in Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007).  Indeed,
5   federal courts almost universally limit discovery when jurisdiction is challenged,
6   particularly in the FSIA context, to the jurisdictional issues themselves.  *See*
7   *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009) (plaintiff not entitled "to discovery,
8   cabined or otherwise" where complaint raised issues of immunity); *Little v. City of*
9   *Seattle,* 863 F.2d 681, 685 (9th Cir. 1988) (no abuse of discretion in staying
10  discovery until an immunity issue was decided).  In an FSIA action by Greenpeace
11  against the Republic of France, the Central District of California permitted the
12  plaintiff to propound only limited discovery on jurisdictional issues because France
13  had challenged jurisdiction under the FSIA on a motion to dismiss.  *Greenpeace,*
14  *Inc. (U.S.A.) v. France*, 946 F. Supp. 773, 780 (C.D. Cal. 1996).  Other FSIA cases
15  in the Ninth Circuit and California district courts fall in line with Greenpeace.  *See,*
16  *e.g., Carolan v. Cardiff Univ.*, 113 Fed. Appx. 193, 194 (9th Cir. 2004) (District
17  Court did not abuse discretion in denying plaintiff discovery before hearing motion
18  to dismiss on FSIA claim); *Cassirer v. Kingdom of Spain*, 616 F.3d 1019, 1024 (9th
19  Cir. 2010) (noting that discovery limited to jurisdictional issues in FSIA actions);
20  *NXP Semiconductors USA, Inc. v. Brevets*, 2014 U.S. Dist. LEXIS 130493, *41-42
21  (Sept. 15, 2014 N.D. Cal.) (jurisdictional discovery permitted [but not required] in
22  context of motion to dismiss FSIA claim).
23          The two cases cited by NML are inapposite, and certainly do not undermine
24  this well-established rule,  because neither case involves a motion to dismiss that
25  challenges a court's jurisdiction.  *Gray v. Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D.
26  Cal. 1990), stands for the modest proposition that parties do not meet their burden
27  to stay discovery when they argue in a "conclusory fashion that their motions to
28  dismiss – some of which are yet to be filed – will succeed."  The *Gray* facts are far

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

3.

SPACEX'S OPPOSITION TO NML'S
MOTION FOR LEAVE TO SERVE
DISCOVERY PRIOR TO RULE 26(f) CONF.

1  afield from the record here, where jurisdiction has been challenged and the Central
2  District has adopted the arguments in Argentina's motion in a case very similar to
3  this one.[1]  Likewise, the court in *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429
4  (9th Cir. 1975) merely held that a defendant was not entitled to a protective order
5  barring discovery when no motion to dismiss was pending and no challenge to
6  jurisdiction was asserted.

7  NML does not and could not claim that the discovery it seeks to propound is
8  related to jurisdictional issues under the FSIA. Rather, it admits that it seeks this
9  discovery to help it market the contractual rights that (1) it has not established this
10 court has jurisdiction to decide and (2) in any event it has not established it would
11 be entitled to even if this court did have jurisdiction.[2]  Accordingly, its Motion
12 should be denied as premature.

### B. The Proposed Discovery Would Be Premature Even If Jurisdictional Challenges Were Not Pending

15 While judgment creditors may, at the appropriate time, be allowed to take
16 discovery "to find out about assets on which execution can issue," NML has not
17 even established that the contract rights can be executed under the FSIA or
18 California law.  *T-M Vacuum Prods. v. TAISC, Inc.*, 2008 U.S. Dist. LEXIS 96214,
19 *8-9 (S.D. Tex. Nov. 25, 2008); *Sequoia Prop. P'Ship. v. United States*, 2002 U.S.
20 Dist. LEXIS 15872, *10 (E.D. Cal. Jun. 3, 2002) (explaining that the focus of
21 judgment creditor discovery is to "discover assets upon which execution may be

---

[1] *See NML Capital, Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1121-22 (C.D. Cal. 2011).

[2] Interestingly, NML seeks this discovery despite having retained a supposed expert, Keith Volkert, who asserts it would be "relatively simple" to market these contractual rights. (Declaration of Keith Volkert in Sup. of Mot. ("Volkert Decl.") at ¶ 10). In other words, NML's own purported expert has admitted away the purported basis for serving this discovery on SpaceX in the first place.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

4.

SPACEX'S OPPOSITION TO NML'S
MOTION FOR LEAVE TO SERVE
DISCOVERY PRIOR TO RULE 26(f) CONF.

made"). Thus, there is no reason for SpaceX to undergo the burden and expense of disclosing the requested information when NML has not even established that the CONAE rights are an "asset[] on which execution can issue." *See id*.

Additionally, the statute NML sues under, California Code of Civil Procedure section 708.210 provides that "[i]f a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor, the judgment creditor may bring an action against the third person to have the interest or debt applied to the satisfaction of the money judgment." The requests at issue do not relate to any inquiry that would be relevant for determining anything put at issue by this statute. Instead, they intrude into SpaceX's business with customers other than CONAE. So while NML might, if numerous conditions are met in the future, have the right to conduct limited post-judgment discovery, the Motion is fundamentally misplaced.[3]

Under California law, the relevant inquiry in determining the worth of a contract is the "mutual intention of the parties" to the contract, not what has been negotiated with third parties. *See, e g., County of San Joaquin v. Workers' Comp. Appeals Board*, 117 Cal. App. 4th 1180, 1185 (2004). If NML succeeds in demonstrating that jurisdiction exists, any discovery by Plaintiff should be limited to that discovery about the CONAE contracts which are actually necessary to a determination of this civil action. Simply put, virtually all of the discovery sought has nothing to do with potential liability under Section 708.210 and should not be permitted.

/ / /

/ / /

/ / /

---

[3] Again, Mr. Volkert has already admitted it would be "relatively simple" to try to sell the rights being claimed based upon information already in the public domain. (Volkert Decl. at 6, ¶ 10.).

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

5.

SPACEX'S OPPOSITION TO NML'S
MOTION FOR LEAVE TO SERVE
DISCOVERY PRIOR TO RULE 26(f) CONF.

### C. The Proposed Discovery Requests Are Unduly Burdensome, Especially At This Stage

Even if there were no general rule in the face of motions to dismiss on jurisdictional grounds that discovery should be limited to those jurisdictional grounds, and even if it were not irrelevant to its claims, NML's discovery would be wildly inappropriate at this stage. Despite its self-serving descriptions to the contrary, its discovery requests are anything but "narrowly tailored and limited in scope". (Mot. 8:2-13.) .

Such requests are arguably improper at any time, but they are doubly so at this stage, before Plaintiff has even established that the contracts at issue are an executable asset under FSIA, or reachable under section 708.210 of the California Code of Civil Procedure. For example, Plaintiff seeks confidential and sensitive business information like "the identity of SpaceX's actual and potential customers for launch service rights," "the prices currently charged by SpaceX for SpaceX launch services," and all "documents referring or relating to all SpaceX clients preapproved to launch their satellites from the Vandenberg Launch Site." (*See* Pltf.'s Ex. 9 at 58; Pltf.'s Ex. 7 at 39.) Virtually none of the requested discovery would ever be shared by SpaceX with clients, competitors, and the marketplace general and would cause competitive injury if produced in any form to NML (or, for that matter, Argentina) to prematurely market to any and all entities that NML thinks might be interested in acquiring such services.

In addition to seeking highly sensitive information, NML's proposed discovery would impose heavy burdens and costs. NML's proposed requests would have SpaceX search electronically stored information and prepare live 30(b)(6) witness testimony on topics as wide-ranging as "the ability of SpaceX to change a satellite launch date, including any instances in the past where SpaceX has done so" or "the identity of SpaceX's actual and potential customers for launch service rights" – again all before Plaintiff has even established that it can prevail past the

Cooley LLP
Attorneys At Law
Los Angeles

6.

SPACEX'S OPPOSITION TO NML'S
MOTION FOR LEAVE TO SERVE
DISCOVERY PRIOR TO RULE 26(f) CONF.

1  pleading stage, let alone that Plaintiff has any rights to or in the contracts at issue.
2  (*See* Pltf's Ex. 9 at 57, 58 (Topic Nos. 3, 8)).)

3        **D.**      **This Motion Is Procedurally Improper and Unreasonably Delayed**

4        Finally, Plaintiff's discovery requests are improper, burdensome and
5  prejudicial to SpaceX because they were formulated without the benefit of a Rule
6  26(f) conference and mutually agreed-upon discovery plan. Federal courts make
7  clear that parties are perfectly entitled to delay a 26(f) conference and "stage
8  discovery in a manner that allows for the possibility that the Court's ruling on [a]
9  Motion to Dismiss could impact relevant claims and defenses," as the parties agreed
10 to do here in July 2014. *See Escareno v. Lundbeck, LLC*, 2014 U.S. Dist. LEXIS
11 66824, *2-3 (N.D. Tex. May 15, 2014); *Chattler v. United States*, 2008 U.S. Dist.
12 LEXIS 118851, *3 (N.D. Cal. Feb. 20, 2008). But when a party no longer wants to
13 delay the 26(f) conference, it should move for an order compelling a 26(f)
14 conference – not an order that avoids the conference entirely and forces a party to
15 respond to discovery formulated without the benefit of a discovery plan. *See*
16 *Escareno*, 2014 U.S. Dist. LEXIS 66824 at *2-3. Here, Plaintiff waited six months
17 to file this Motion and never challenged that staged discovery was appropriate until
18 January 2015. Now that NML has waited six months, NML cannot rightly claim
19 that circumstances are "exigent" and force SpaceX to respond to dozens of requests
20 that were formulated without the Rule 26(f) conference. If NML is allowed to serve
21 any discovery requests at this time, SpaceX fully reserves its rights to serve
22 responses and objections on the schedule and on the substantive grounds set forth in
23 the Federal Rules of Civil Procedure.
24 / / /
25 / / /
26 / / /
27
28

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

7.

SPACEX'S OPPOSITION TO NML'S
MOTION FOR LEAVE TO SERVE
DISCOVERY PRIOR TO RULE 26(f) CONF.

## IV. CONCLUSION

For the foregoing reasons, SpaceX respectfully submits that the proposed discovery requests are premature and improper while jurisdictional challenges remain pending, and that NML's Motion should be denied in its entirety.

Dated: February 17, 2015               COOLEY LLP


                                       /s/ William P. Donovan, Jr.
                                       William P. Donovan, Jr.

                                       Attorneys for Defendant
                                       Space Exploration Technologies Corp.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

8.

SPACEX'S OPPOSITION TO NML'S
MOTION FOR LEAVE TO SERVE
DISCOVERY PRIOR TO RULE 26(f) CONF.