QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harold A. Barza (Bar No. 80888)
  halbarza@quinnemanuel.com
  Bruce E. Van Dalsem (Bar No. 124128)
  brucevandalsem@quinnemanuel.com
  Ian S. Shelton (Bar No. 264863)
  ianshelton@quinnemanuel.com
  Matthew S. Hosen (Bar No. 291631)
  matthosen@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Of Counsel*:

DECHERT LLP
  Robert A. Cohen (admitted *pro hac vice*)
  robert.cohen@dechert.com
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

Attorneys for Plaintiff NML Capital, Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NML CAPITAL, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> SPACE EXPLORATION TECHNOLOGIES CORP., aka SPACEX, a Delaware corporation; THE REPUBLIC OF ARGENTINA, a foreign state, including its *COMISIÓN NACIONAL DE ACTIVIDADES ESPACIALES*, aka CONAE, a political subdivision of the Argentine State; and DOES 1-10, <br><br> Defendants. | CASE NO. 14 CV 02262-SVW-Ex <br><br> Hon. Stephen V. Wilson <br><br> **PLAINTIFF NML CAPITAL, LTD.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO SERVE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** <br><br> Hearing date: March 9, 2015 <br><br> Hearing time: 1:30 p.m. <br><br> Hearing location: Courtroom No. 6 <br><br> Before: Hon. Stephen V. Wilson |

01998.23618/6530894.1

PLAINTIFF NML CAPITAL, LTD.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO SERVE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

## I. INTRODUCTION

The Republic of Argentina ("Argentina") and Space Exploration Technologies Corp. ("SpaceX") (collectively, "Defendants") assert three meritless arguments in their oppositions to Plaintiff NML Capital, Ltd.'s ("NML" or "Plaintiff") Motion For Leave to Serve Discovery Prior to a Rule 26(f) Conference ("Motion"). Defendants incorrectly argue that: (1) because Defendants are challenging the Court's jurisdiction in their motion to dismiss, NML cannot seek discovery related to non-jurisdictional issues, or alternatively, NML cannot seek discovery because the Court has not yet ruled on whether the launch services rights are subject to execution under the Foreign Sovereign Immunities Act ("FSIA"); (2) NML's discovery requests are overbroad and burdensome; and (3) NML should not be allowed discovery in the interests of efficiency and judicial economy.

All of these arguments are meritless, as explained below. *First*, the Court indisputably has jurisdiction over the parties served with this limited discovery—Argentina and SpaceX. *See* Declaration of Harold A. Barza ("Barza Decl."), Exs. 5-6 (discovery directed to Argentina), Exs. 7-9 (discovery directed to SpaceX). Argentina expressly waived its immunity in the agreement governing the underlying bonds, and a federal court has entered final judgments against it in excess of $1.7 billion. Argentina's contention that the Court has no jurisdiction to allow postjudgment discovery against the judgment debtor itself is wrong. Furthermore, the Court certainly has jurisdiction to allow discovery against SpaceX—a non-governmental entity. Argentina's cited authority simply does not address the Court's discretion to allow postjudgment discovery under the FSIA. *Second*, Defendants' overbreadth objections ignore the fact that Defendants expressly refused to engage in meet and confer discussions regarding the scope of that discovery before this motion was filed, which is narrowly tailored in any event. *Finally*, the interest of efficiency and judicial economy weigh heavily in favor of allowing discovery at this stage of the proceedings given the time-sensitive and

depreciating nature of the launch services rights at issue, which could become worthless if discovery is delayed much longer.

## II. ARGUMENT

### A. This Court Has Discretion To Allow NML To Conduct Limited Discovery And Defendants Cite No Cases To The Contrary

Defendants' argument that there is a jurisdictional bar to limited discovery is meritless. *See* Argentina Opp. at 2; SpaceX Opp. at 2-4. Argentina expressly waived any claim to immunity in the 1994 Fiscal Agency Agreement that governs the Argentine bonds on which NML's judgments are based. Dkt. 1, ¶ 16. Since the Court indisputably has jurisdiction over Argentina it certainly can exercise postjudgment jurisdiction over Argentina just as it could over any other judgment debtor. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 209 (2d Cir. 2012) aff'd sub nom. *Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250 (2014); *see also First City, Texas Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 53 (2d Cir. 2002) (a foreign state's waiver of immunity "is broad enough to sustain the court's jurisdiction through proceedings to aid collection of a money judgment rendered in the case, *including discovery pertaining to the judgment debtor's assets*.") (emphasis added). In fact, "rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 2254 (2014). And it is undisputed that this Court has jurisdiction to allow discovery against SpaceX—a non-governmental entity with substantial business operations in this jurisdiction.

Citing inapposite authority, Argentina argues that district courts routinely reject attempts by judgment creditors to conduct limited, non-jurisdictional discovery while a motion to dismiss grounded on sovereign immunity is pending. Argentina Opp. at 2. However, these cases simply do not address the availability of *limited discovery* in *postjudgment* proceedings against a sovereign judgment debtor that has been found subject to jurisdiction and liable to Plaintiff under the FSIA.

Instead, they address the availability of *expansive discovery* in *prejudgment* proceedings against governmental officials whose qualified immunity has not been abrogated. *See Harlow v Fitzgerald*, 457 U.S. 800, 816-18 (1982) (discovery sought delved into the expanse of the subjective intent of U.S. presidential aides, with "no clear end to the relevant evidence."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (noting that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (finding that there was "good reason" for a government agent's investigation into an alleged misappropriation of funds at a government sponsored youth program, and noting that "discovery could not have affected the [qualified] immunity decision."); *Hart v. Gaione*, 2003 WL 21308891, at *1 (C.D. Cal. June 3, 2003) (denying defendant's *ex parte* application to stay discovery because defendant had not asserted a qualified immunity defense). These cases are facially distinguishable because the stage of proceedings, scope of discovery, and status of the parties are all different.

Unlike the cases cited by Argentina, NML does not seek extensive discovery in prejudgment proceedings from governmental officials whose qualified immunity has not been adjudicated. It only seeks limited discovery from a judgment debtor and a holder of the debtor's assets in order to execute on assets to partially satisfy its final judgments. Argentina's strained attempt to analogize itself to a domestic governmental officer entitled to qualified immunity, and not a foreign judgment debtor that has expressly waived its immunity and been adjudicated liable is misplaced.

SpaceX's cited authority fares no better in establishing that NML is not entitled to limited discovery in this case. *See* SpaceX Opp. at 2-4. In *Boschetto v. Hansing*, the court found that a car seller on Ebay lacked sufficient minimum contacts for personal jurisdiction in California because there was a "total absence of any evidence or allegations that the conduct [] involved more than just this one

sale." 539 F. 3d 1011, 1020 (9th Cir. 2008). However, Argentina has waived its jurisdiction objection, and SpaceX is clearly subject to personal jurisdiction in this district. While *Boschetto* held that the district court did not abuse its discretion in denying discovery, it did not address the discretion of a court to authorize limited discovery in postjudgment proceedings concerning a judgment debtor's assets.

In *Wagh v. Metris Direct, Inc.*, the court dismissed a credit card holder's RICO claim against providers of credit protection services and upheld the district court's discretionary decision not to allow discovery on the grounds that Plaintiff's allegations were insufficient to state a claim for relief. 363 F.3d 821, 829 (9th Cir. 2003). Like *Boschetto*, this inapposite case involves clearly distinguishable facts and does not address the availability of discovery in postjudgment proceedings.

SpaceX then cites four FSIA cases in which courts denied discovery or only allowed jurisdictional discovery. See SpaceX Opp. at 2-3. However, none of these cases involved postjudgment proceedings, and they primarily addressed jurisdictional discovery not at issue in the present case. *See Greenpeace, Inc. (U.S.A.) v. France*, 946 F. Supp. 773, 789 (C.D. Cal. 1996) (holding that Plaintiffs' requested discovery "could not possibly enable Plaintiffs to establish jurisdiction," but more importantly, explaining that "it is an *abuse of discretion* to dismiss for lack of subject matter jurisdiction without giving plaintiff reasonable opportunity, if requested, to conduct discovery [to establish jurisdiction].") (emphasis added); *Carolan v. Cardiff Univ.*, 113 Fed. Appx. 193, 194 (9th Cir. 2004) (finding that the district court did not abuse its discretion in not allowing discovery, where a Welsh university did not have continuous and systematic general business contacts with Washington State, and where plaintiff student's acceptance of defendants' offer of admission while in Washington was not enough to establish specific jurisdiction); *Cassirer v. Kingdom of Spain*, 616 F.3d 1019, 1032 (9th Cir. 2010) (allowing the plaintiff to obtain jurisdictional discovery from an instrumentality of Spain, and finding that, under the FSIA, the instrumentality was engaged in commercial

activity because its actions were "the *type* of actions by which a private party engages in trade and traffic or commerce," even though undertaken on behalf of a non-profit museum to further its cultural mission); *NXP Semiconductors USA, Inc. v. Brevets*, 2014 U.S. Dist. LEXIS 130493, at *2, *42-43 (N.D. Cal. Sept. 15, 2014) (in an action seeking declaratory judgment related to the non-infringement and invalidity of defendant's patents, the Court found that plaintiff's proposed jurisdictional discovery regarding the relationship between co-defendants, a French parent company and a U.S. subsidiary, would not be helpful because neither defendant had contacts with California that give rise to plaintiff's claims). Indeed, *NXP Semiconductors*, cited by SpaceX (SpaceX Opp. at 3), fully supports NML's position that CONAE is a political subdivision of Argentina under the controlling "core functions" test.

    None of these cases cited by Defendants hold that a district court does not have discretion to allow NML, in a postjudgment proceeding, the opportunity to serve limited discovery on a judgment debtor like Argentina or a non-governmental entity like SpaceX in order to expedite proceedings where the value of an asset that may be subject to execution is depreciating. The Court clearly has discretion to authorize discovery in these circumstances.

### B. Defendants Rejected NML's Offer To Discuss Narrowing The Proposed Discovery Requests

    Defendants next argue that NML's discovery requests are overbroad and burdensome. *See* Argentina Opp. at 4; SpaceX Opp. at 6-7. This argument is disingenuous because when NML's counsel offered to discuss the possibility of narrowing the requests, Defendants refused. *See* Barza Decl., ¶ 5. In fact, Defendants blocked all of NML's proposed discovery by refusing to engage in a Rule 26(f) conference in July 2014, and now inconsistently argue that the discovery is burdensome and that NML is "forc[ing] SpaceX to respond to dozens of requests that were formulated without the Rule 26(f) conference." *See* Barza Decl., ¶ 2;

SpaceX Opp. at 7.  This catch-22 argument should be rejected.  And in any event, NML's proposed discovery is narrowly tailored—focused squarely on enabling NML to establish those facts necessary to establish its entitlement to execute upon its final judgments, nothing more.  This discovery is necessary to obtain a copy of the underlying launch services contract, which Defendants have refused to voluntarily provide, and other evidence necessary to move for a sale order, including evidence establishing that CONAE is a political subdivision of Argentina and that the launch services rights are subject to execution.  Argentina and SpaceX have made no showing that the limited discovery sought by NML is not relevant and in furtherance of the postjudgment relief sought in this action.

### C. In The Interests of Efficiency and Judicial Economy The Court Should Grant NML's Motion

Contrary to the arguments of Argentina and SpaceX, the interests of efficiency and judicial economy clearly weigh in favor of allowing limited discovery given the time-sensitivity resulting from the depreciating nature of the assets at issue.[1]  *See* Argentina Opp. at 2-3; SpaceX Opp. at 7.  None of the cases cited by Argentina in support of its judicial economy argument involved judgment creditors seeking to levy upon a depreciating asset like this one.  *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 731-32 (9th Cir. 1987) (plaintiff brought antitrust claims seeking monetary damages and injunctive relief); *Hall v. Apollo Grp., Inc.*, 2014 WL 4354420, at *1 (N.D. Cal. Sept. 2, 2014) (pro se plaintiff sought monetary damages by asserting fraud and other claims against for-profit university).  It would be inefficient and a waste of judicial resources if NML

---

[1] SpaceX notes twice in its brief that Keith Volkert states in his declaration that it is "relatively simple" to market launch services rights, but neglects to mention that Volkert's declaration explains that it would still take several months for a potential purchaser to prepare for a satellite launch after buying the rights.  *See* SpaceX Opp. at 4-5, fn. 2, 3; Volkert Decl., ¶ 7.

01998.23618/6530894.1

-6-
PLAINTIFF NML CAPITAL, LTD.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SERVE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

succeeded on the merits and gained control of the launch service rights, only to be unable to sell them due to the passage of time. The Court should grant the limited discovery sought by the present motion.

DATED: February 23, 2015

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Harold Barza
Harold A. Barza
Bruce E. Van Dalsem
Ian S. Shelton
Matthew S. Hosen
Attorneys for Plaintiff NML Capital, Ltd.

01998.23618/6530894.1

-7-
PLAINTIFF NML CAPITAL, LTD.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SERVE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE