QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harold A. Barza (Bar No. 80888)
  halbarza@quinnemanuel.com
  Bruce E. Van Dalsem (Bar No. 124128)
  brucevandalsem@quinnemanuel.com
  Ian S. Shelton (Bar No. 264863)
  ianshelton@quinnemanuel.com
  Matthew S. Hosen (Bar No. 291631)
  matthosen@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Tel:   (213) 443-3000
Fax:   (213) 443-3100

*Of Counsel:*

DECHERT LLP
  Robert A. Cohen (admitted *pro hac vice*)
  robert.cohen@dechert.com
1095 Avenue of the Americas
New York, New York 10036
Tel:   (212) 698-3500
Fax:   (212) 698-3599

Attorneys for Plaintiff NML Capital, Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NML CAPITAL, LTD., | CASE NO. 14-CV-02262-SVW-Ex |
| Plaintiff, | **PLAINTIFF NML CAPITAL, LTD.'S NOTICE OF APPEAL** |
| vs. | Hon. Stephen V. Wilson |
| SPACE EXPLORATION TECHNOLOGIES CORP., aka SPACEX, a Delaware corporation; THE REPUBLIC OF ARGENTINA, a foreign state, including its *COMISIÓN NACIONAL DE ACTIVIDADES ESPACIALES*, aka CONAE, a political subdivision of the Argentine State; and DOES 1-10, | Complaint Filed:  March 25, 2014 |
| Defendants. | |

1       TO THE CLERK OF THE COURT AND ALL PARTIES OF RECORD:

2       NOTICE IS HEREBY GIVEN that Plaintiff NML Capital, Ltd. ("NML")

3   hereby appeals to the United States Court of Appeals for the Ninth Circuit from the

4   Order dismissing the case without prejudice entered on March 6, 2015 (Dkt. 51), the

5   Order denying as moot NML's motion for leave to serve discovery prior to

6   conducting a Rule 26(f) conference entered on March 5, 2015 (Dkt. 50), as well as

7   any and all interlocutory rulings, decisions and orders that gave rise to the denial of

8   discovery and the dismissal of the case without prejudice.  A true and accurate copy

9   of the Order dismissing the case without prejudice is attached as Exhibit A.  A true

10  and accurate copy of the Order denying as moot NML's motion for leave to serve

11  discovery prior to conducting a Rule 26(f) conference is attached as Exhibit B.

12      Pursuant to Ninth Circuit Rule 3-2, a Representation Statement identifying all

13  parties to the action, along with the names, addresses, and telephone numbers of

14  their respective counsel, is attached as Exhibit C.

15

16  DATED:  March 24, 2015        QUINN EMANUEL URQUHART &

17                      SULLIVAN, LLP
                     Harold A. Barza

18                       Bruce E. Van Dalsem

19                       Ian S. Shelton
                     Matthew S. Hosen

20

21                By

22

23                 Harold A. Barza

24

25                Attorneys for Plaintiff-Appellant
               NML Capital, Ltd.

26

27

28

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

Mar 6, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____PMC_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

NML CAPITAL, LTD.,

    Plaintiff,

v.

SPACE EXPLORATION
TECHNOLOGIES CORP., et al.

    Defendants.

Case No. CV 14-02262 SVW

ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS

AMENDED AND CORRECTED

A New York hedge fund operating through the Cayman Islands snatched up billions of dollars in Argentinian bond debt.  The country defaulted and eludes recompensation.  So the hedge fund now seeks to satisfy the debt by levying the rights to launch two Argentinian satellites that are part of a planned intergovernmental mission to study the global environment.  Argentina, its space agency, and the corporation that contracted to launch the satellites move to thwart this seizure before it gets off the ground.

**I.     Factual Allegations**

    **A.     Creation of CONAE**

    In 1991, Argentina replaced its old national space agency with the *Comisión Nacional de Actividades Espaciales* (CONAE, for short).  (Compl. ¶ 20, Ex. C, ECF No. 1).  The enabling act proclaims CONAE a "National Government agency" with "full management and financial

independence." (Compl., Ex. C).  And the Argentinian president vested CONAE with exclusive authority to "centralize, organize, manage, and execute an overall space policy" as well as the power to "[p]erform all the legal acts necessary for its normal operation," including "sign[ing] the contracts necessary for the achievement of its goals."  (Compl., Ex. C).  As a result, CONAE conducts research, develops national projects, trains personnel, appoints and removes employees, creates its own internal regulations and structure, arranges for the international exchange of space technologies, enters into agreements with foreign and domestic entities, implements treaties, provides technical assistance to the national government, generates its own funding, and promotes international cooperation. (Compl., ¶¶ 20-24, Ex. C).

Still, CONAE's board of directors is composed mostly of governmental bureaucrats, and it reports "directly and exclusively" to Argentina's president, who must approve the National Space Plan as well as its financing mechanism.  (Compl., ¶ 24, Ex. C; Jachno Decl. ¶ 4, ECF No. 18-6).[1]  And although CONAE claims to be an "autarkic independent entity," (Varotto Decl., ¶ 6, ECF No. 18-4; Jachno Decl., ¶ 3), it relies on appropriations from Argentina's legislature and must prepare an annual budget subject to parliamentary approval.  (Compl., ¶ 23, Ex. C). Moreover, CONAE's international endeavors must conform with Argentina's foreign policy objectives, and the Ministry of Foreign Relations and Religion may intervene in any attempted international cooperation.  (Compl., Ex. C).

### B.    Bond Crisis & NML's Acquisitions

In late 2001, Argentina found itself in the throes of a severe financial crisis.  J.F. Hornbeck, Cong. Research Serv., R41029, *Argentina's Defaulted Sovereign Debt: Dealing with the "Holdouts"* 1-2 (2013).[2]  Faced with unsustainable indebtedness, the country defaulted on

---

[1]    The Court considers the declarations as they apply to the jurisdictional arguments. *See Sachs v. Republic of Austria*, 737 F.3d 584, 589 (9th Cir. 2013) (en banc), *cert. granted sub nom. OBB Personenverkehr AG v. Sachs*, No. 13-1067, 2015 WL 292554 (U.S. Jan. 23, 2015).  The Court, of course, limits its focus to the pleadings and incorporated documents when evaluating the motion to dismiss. *E.g.*, *Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1996).

[2]    The Court judicially notices certain materials to provide context for the facts of this case. Argentina's national default is a well-known global event, so general facts concerning its bond-debt crisis are suitable for judicial notice. Fed. R. Evid. 201.  Even so, these facts

1    December 26, 2001.  *Id.* at 2-3.  At the time, it owed $81.8 billion to private investors.  *Id.* at 3.

2        Argentina had long ago waived its sovereign immunity in connection with its bonds.

3    (Compl., ¶ 16).  So it began its debt restructuring process in 2002.  Hornbeck, *supra*, at 5.  But

4    years of negotiations proved largely unfruitful.  *Id.*  In 2005, the country filed a unilateral offer

5    with the SEC to settle with private creditors.  Securities and Exchange Commission, Reg. No.

6    333-117111, 2005 Prospectus (2005).  This offer resulted in a partial settlement: Argentina

7    exchanged $35.2 billion of new bonds for $62.3 billion of debt.  Hornbeck, *supra*, at 5.

8        Argentina created a new bond exchange five years later.  Securities and Exchange

9    Commission, Reg. No. 333-163784, 2010 Prospectus (2010).  As a result, it settled about two-

10   thirds of its remaining debt.  Hornbeck, *supra*, at 7.

11       At some point during this bond crisis, NML Capital — a Cayman Islands LLC managed

12   by a New York hedge fund — acquired some of this bond debt.  (Compl., ¶¶ 1, 5).  Evidently,

13   NML Capital elected not to settle with Argentina.  (*See* Compl., ¶1-3, 11-14).  It instead sought

14   and acquired final judgments against the state, which totaled (as relevant here) nearly $1 billion

15   as of March 2014.  (Compl. ¶¶ 11-14, Exs. A-B).

16       **C.     CONAE Contracts with Space-X, and NML Seeks to Collect**

17       CONAE is part of an international space mission to study the global environment.

18   (Varotto Decl., ¶¶ 4-5).  Over the next two years, CONAE intends to launch two observation

19   satellites that will generate scientific data on a variety of climatological and environmental

20   phenomena.  (Compl., ¶ 30; Varotto Decl., ¶ 4).  CONAE, in partnership with Italy's *Agenzia*

21   *Spaziale Italiana*, will then distribute the data to the public.  (Varotto Decl., ¶ 4).

22       To do so, CONAE contracted with Space Exploration Technologies, popularly known as

23   SpaceX, for the latter to launch the former's satellites.  (Compl., ¶ 30).  SpaceX plans to send

24   CONAE's satellites into orbit aboard two Falcon 9 rockets launched from Vandenberg Air Force

25   Base, which is located on California's coast.  (Compl., ¶ 30, Ex. D).

26       These contracts form the basis of NML's lawsuit.  (Compl., ¶¶ 3-4).  NML contends that

27

28   ────────────

        merely provide context — they do not underpin the Court's resolution of the merits.

3

"Argentina's rights in the Launch Services Contracts are property owned by CONAE within this District and subject to a creditor's suit," therefore, it adds, "NML is entitled to an order applying the Property, including the Launch Services Contracts, to the satisfaction of NML's judgments." (Compl. ¶¶ 37-38).

## II.    Legal Standard

### A.    Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction to hear the claims alleged. Fed. R. Civ. P. 12(b)(1). To the extent CONAE brings a factual challenge, the Court may review extrinsic evidence, and if the evidence is disputed, the Court may weigh the evidence and determine the facts to satisfy itself as to its power to hear the case. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

### B.    Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, the Court must accept all allegations of material fact as true and construe the allegations in the light most favorable to the nonmoving party. *Daniel v. County of Santa Barbara*, 288 F.3d 375, 380 (9th Cir. 2002). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their

veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

**III.    Discussion**

Foreign sovereign immunity has deep historical roots that predate this country's inception.  Peter J. Smith, *States as Nations: Dignity in Cross-Doctrinal Perspective*, 89 Va. L. Rev. 1, 30-31, 36-37 (2003); *see also, e.g.*, *Schooner Exchange v. McFaddon*, 11 U.S. 116 (1812).  In early American history, the executive branch controlled immunity determinations, and it unfailingly sheltered friendly foreign sovereigns from liability.  *Semantar v. Yousuf*, 560 U.S. 305, 311 (2010); *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 486 (1983); *Sachs v. Republic of Austria*, 737 F.3d 584, 589 & n.2 (9th Cir. 2013) (en banc), *cert. granted sub nom. OBB Personenverkehr AG v. Sachs*, No. 13-1067, 2015 WL 292554 (U.S. Jan. 23, 2015).  The twentieth century oversaw a philosophical shift: the State Department advocated, in principle, for the "restrictive theory" of foreign sovereign immunity whereby states only enjoyed immunity for *jure imperii* — the public acts of state.  *Sachs*, 737 F.3d at 590; *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1126 (9th Cir. 2010).  In practice, however, diplomatic considerations made immunity determinations imprecise, and courts struggled to cope with the resulting inconstancy.  *See Verlinden*, 461 U.S. at 486-88.  "Congress abated the bedlam in 1976, replacing the old executive-driven, factor-intensive, loosely common-law-based immunity regime with the Foreign Sovereign Immunities Act's 'comprehensive set of legal standards governing claims of immunity in every civil action against a foreign state.'"  *Republic of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 2255 (2014) ("*NML III*") (quoting *Verlinden*, 461 U.S. at 488).

The FSIA governs all aspects of foreign sovereign immunity, *see NML III*, 134 S. Ct. at 2255-56, and, consequently, provides the analytical bedrock for this case.  It furnishes "two primary forms of immunity."  *NML Capital, Ltd. v. Spaceport Systems Intern., L.P.*, 788 F. Supp. 2d 1111, 1119 (C.D. Cal. 2011) ("*Spaceport*") (quoting *Rubin v. Islamic Republic of Iran*, 637 F.3d 782, 793 (7th Cir. 2011)).  Section 1604 grants foreign states general jurisdictional immunity.  28 U.S.C. § 1604; *see also Sachs*, 737 F.3d at 590.  Section 1609 protects a foreign state's property that resides within the United States.  28 U.S.C. § 1609.  These immunities are

1    extensive, but, in consonance with the restrictive theory of foreign sovereign immunity, they are

2    not unwavering.  *See* 28 U.S.C. §§ 1605, 1607, 1609-10.  And this case turns on whether the

3    Act's exceptions to these immunities apply.  The Court conducts this analysis, as it must, with

4    due caution and respect for the property of foreign nations.  *See Peterson*, 627 F.3d at 1128.

5        **A.    Jurisdictional Immunity**

6        As a sovereign nation, Argentina wears the armor of presumptive immunity.  28 U.S.C. §

7    1604.  But that prerogative carries with it the inverse power of waiver.  28 U.S.C. § 1605(a).

8    Argentina elected to do so, relinquishing its immunity in a 1994 agreement governing its bonds.

9    The question is whether Argentina's abdication of jurisdictional immunity extends to CONAE.

10   That question, in turn, hinges on the proper characterization of CONAE's relationship with its

11   sovereign.  If, on the one hand, CONAE is an agency or instrumentality, it is an independent

12   juridical entity with its own jurisdictional immunity.  *See Ministry of Defense and Support for*

13   *Armed Forces of Islamic Republic of Iran v. Cubic Defense Systs.*, 495 F.3d 1024, 1035 (9th Cir.

14   2007), *rev'd sub nom. on other grounds Ministry of Def. & Support for the Armed Forces of the*

15   *Islamic Republic of Iran v. Elahi*, 556 U.S. 366 (2009).  If, on the other hand, CONAE is a

16   political subdivision, Argentina's waiver speaks for both entities.  *See id.*[3]

17       1.    Applicable Rule

18       As a threshold matter, the parties dispute the applicable analytical framework.  NML

19   submits that the Court should apply the core functions test adopted in *Cubic*, 495 F.3d at 1035.

20   CONAE disagrees, arguing that the governing authority is *First National City Bank v. Banco*

21   *Para El Comercio Exterior de Cuba (Bancec)*, 462 U.S. 611 (1983).

22       The ultimate jurisdictional question is whether CONAE is an agency or instrumentality

23   entitled to its own jurisdictional immunity or a political subdivision that is indivisible from its

24   parent state.  The core functions test answers that question: according to the Ninth Circuit, "the

25   'core functions' test [is] the appropriate benchmark for deciding whether an entity should be

26

27

28   [3]    The applicable statute actually has a three-pronged definition for "agency or
          instrumentality."  28 U.S.C. § 1603(b).  The parties do not argue two parts of that
          definition — only the "separate legal person" prong remains in dispute.  *See id.*

6

viewed as a 'foreign state' or as an 'agency or instrumentality.'" *Cubic*, 495 F.3d at 1035.

Indeed, *Cubic* involved an indistinguishable posture. There, like here, the plaintiff sought and acquired a judgment in a separate action against the foreign state and its agency. *Id.* at 1027-28. And there, as here, the case concerned the plaintiff's attempt to collect the judgment by attaching a contract between an American company and the state agency. *Id.* at 1028-29.[4] The Ninth Circuit used the core functions test to determine whether the defendant state agency was a separate entity under the FSIA. *Id.* at 1034-35. And the Court here will do the same.

Other courts have reached the same conclusion. *See Wye Oak Tech., Inc. v. Rep. of Iraq*, 666 F.3d 205, 214-15 (4th Cir. 2011) (observing that courts deploy the core functions test "[t]o determine whether an entity is an agency or instrumentality — and thus legally separate from the foreign state — or a mere political subdivision" in a variety of circumstances under FSIA); *cf. Garb v. Republic of Poland*, 440 F.3d 579, 590-98 (2d Cir. 2006) (applying the core functions test to determine whether Poland's Ministry of the Treasury was a separate entity for purposes of FSIA's takings exception); *Roeder v. Islamic Rep. of Iran*, 333 F.3d 228, 234-35 (D.C. Cir. 2003) (applying the core functions test to decide whether Iran's Ministry of Foreign Affairs was part of the state itself or an agency or instrumentality for purposes of FSIA's terrorism exception); *Magness v. Russian Federation*, 247 F.3d 609, 613-16 & n.7 (5th Cir. 2001) (applying the core functions test to determine the status of two state entities); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 149-50 (D.C. Cir. 1994) (applying the core functions test to determine the juridical status of Bolivia's Air Force in order to apply the correct service provisions under FSIA); *NXP Semiconductors USA, Inc. v. Brevets*, No. C 14-1225 SI, 2014 WL 4621017, at *8 (N.D. Cal. Sept. 15, 2014); *Baker v. Socialist People's Libyan Arab Jamahirya*, 775 F. Supp. 2d 48, 73 (D.D.C. 2011); *NML Capital, Ltd. v. Republic of Argentina*, No. 03 Civ. 8845(TPG), et al., 2011 WL 1533072, at *5 (S.D.N.Y. Apr. 22, 2011) ("*NML I*").

*Bancec*, in contrast, concerns a different problem. It governs whether a distinct juridical entity of a foreign state can be held liable, as a matter of substantive liability law, for the debts of

---

[4] In *Cubic*, the contract was actually between an American company and the relevant state agency's predecessor in interest. 495 F.3d at 1028. This distinction is immaterial here.

the state itself. *Bancec*, 462 U.S. at 624-28. That analysis, however, presupposes the answer to the question the Court faces: whether CONAE *is* a distinct juridical entity. *See id.* at 613, 624-28, 633-34. Thus, *Bancec* is largely inapposite at this stage. *See Wye Oak Technologies*, 666 F.3d at 215 n.13 (observing that *Bancec* does not apply to "the question of jurisdiction under the FSIA, to which the core functions test is aimed"); *Servaas Inc. v. Rep. of Iraq*, No. 10-828-CV, 2011 WL 454501, at *2 (2d Cir. Feb. 10, 2011) (slip op.) (unpublished) (concluding that the core functions test, not *Bancec*, determines whether an entity is a separate juridical entity), *as amended* (Feb. 16, 2011).[5]

## 2.   Application

The core functions test is categorical. *Roeder*, 333 F.3d at 234. If an entity's core functions are predominantly governmental, then it is a political subdivision. *E.g.*, *id.* If the entity's core functions are predominantly commercial, then it is an agency or instrumentality. *E.g.*, *id.*

The ends of the spectrum are well-defined. For example, armed forces or military intelligence services are political subdivisions. *Wye Oak Tech.*, 666 F.3d at 214-15; *Cubic*, 495 F.3d at 1034; *Roeder*, 333 F.3d at 234; *Transaero*, 30 F.3d at 151; *Certain Underwriters at Lloyd's London v. Great Socialist People's Libyan Arab Jamahiriya*, 811 F. Supp. 53, 70 (D.D.C. 2011); *Baker*, 775 F. Supp. 2d at 73; *Ben-Rafael v. Islamic Republic of Iran*, 718 F. Supp. 2d 25, 32-33 (D.D.C. 2010); *Rimkus v. Islamic Republic of Iran*, 575 F. Supp. 2d 181, 199 (D.D.C. 2008); *Fisher v. Great Socialist People's Libyan Arab Jamahiriya*, 541 F. Supp. 2d 46,

---

[5]   Defendants express concern that the Court's application of the core functions test will determine substantive liability. The Fourth Circuit's analysis in *Wye Oak Technologies* allays this fear:

> At the outset, we note that [Defendant's] concern that our decision will affect its ultimate liability is misplaced. Determinations under FSIA go only to jurisdiction, and [Defendant] will be free to challenge its liability later in the case. In other words, what we are concerned with here is not [Plaintiff's] argument that [Defendant] is liable on the contract but rather whether [Plaintiff] is entitled to the opportunity to make such an argument at all.

666 F.3d at 213 n.9. Defendants here, unlike in *Wye Oak Technologies*, also moved under Rule 12(b)(6). But that difference does not mean that the Court should apply *Bancec* to the subject matter jurisdiction inquiry, which must be addressed before any substantive questions. *See Ruhgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578-88 (1999).

54 (D.D.C. 2008) .  Likewise, consular organizations operating embassies are political subdivisions.  *Lee v. Taipei Econ. & Cultural Representative Office*, No. 4:09-CV-0024, 2010 WL 2710661, at *3 (S.D. Tex. July 6, 2010); *Segni v. Commercial Office of Spain*, 650 F. Supp. 1040, 1041-42 (N.D. Ill. 1986).  The same goes for government ministries.  *Servaas, Inc.*, 2011 WL 454501, at *3; *Garb*, 440 F.3d at 594; *Magness*, 247 F.3d 6 at 613 n.7.  And it is easy to see why: waging war, engaging in foreign diplomacy, and conducting the affairs of state are quintessential government functions.

In contrast, the core functions of entities acting as private companies are predominantly commercial.  For instance, a national petroleum and gas company operating as a market participant is an agency or instrumentality.  *NML Capital, Ltd. v. Republic of Argentina*, 892 F. Supp. 2d 530, 533-34 (S.D.N.Y. 2012) ("*NML II*").  Similarly, another district court determined that the *Caisse de Dépôts et Consignations* — a public depository that operates much like a bank — was an agency of the French state.  *NXP Semiconductors USA, Inc.*, 2014 WL 4621017, at *8; *see also Freund v. Republic of France*, 592 F. Supp. 2d 540, 545-46, 550-51, 555 (S.D.N.Y. 2008) (describing the *Caisse de Dépôts et Consignations*).

A national space agency does not fall clearly within either of these paradigms.[6]  Space exploration and scientific research are not as integral to statecraft as war and diplomacy.  Nor are they traditionally associated with commercial enterprise.  The Court is therefore left to apply *Cubic*'s core functions test — which examines both the structure and function of an entity — without suggestive comparison.

Structurally, CONAE resembles a government entity.  A board of directors runs CONAE, but eight of its nine members are government officials.  And although CONAE professes to be administratively and financially independent, it reports to the Ministry of Planning and Infrastructure as well as the Argentinian President, prescribed government officials can veto its external affairs, and it relies (at least in part) on the legislature for funding.

---

[6] At the outset, the Court cannot accept the complaint's allegations that CONAE is a political subdivision of Argentina whose core functions are commercial.  Those allegations are legal conclusions, not well-pled facts, and cannot be credited under *Twombly* and *Iqbal*.

CONAE's functions also are more similar to a governmental entity's than a commercial enterprise's. CONAE's primary function is the development and execution of a national space program; national programs are usually, by definition, governmental. Furthermore, space exploration and research are traditionally associated with governments (even with the advance of private space corporations in recent years).[7] And most importantly, there is nothing *commercial* about CONAE's space program. *Cf. NML I*, 2011 WL 1533072 at \*2, 4-6 (finding the core functions of AR-SAT — a telecommunications provider created by Argentina that used satellites to provide television, telephone, and internet networks for a fee to public customers — were predominantly commercial).

On balance, CONAE's core functions are governmental. Its structure resembles a government wing more than a private corporation, and, most importantly, its focus is directed toward governmental objectives, not commercial ones. Since CONAE is therefore a political subdivision of Argentina — at least for purposes of jurisdictional immunity — the state's waiver speaks for it as well. Thus, NML has shown that CONAE waived its Section 1604 immunity, and this Court possesses subject matter jurisdiction.[8]

**B.    Attachment Immunity**

Because NML seeks to attach property, it must overcome a second layer of presumptive immunity: execution immunity under 28 U.S.C. § 1610. *See also NML III*, 134 S. Ct. at 2256.

---

[7]    Some of CONAE's ancillary functions further corroborate its governmental nature. For example, CONAE implements treaties, which is a governmental function. *See, e.g.*, *Government of Jamaica v. United States*, 770 F. Supp. 627, 631 (M.D. Fla. 1991) ("[Q]uestions of treaty interpretation, clarification and implementation are functions necessarily carried out by the executive branch of government.") (citations omitted).

[8]    *Cubic* arguably can be read to adopt a modified version of the core functions test whereby the answer produced by the traditional core functions test only creates a presumptive answer. *See* 495 F.3d at 1035 & n.10. *Cubic* oscillated between referring to it as a "strong presumption" and a (presumably normal) "presumption." *Id.* at 1035-36. And it is unclear whether the presumption was strong as applied to the case's facts or whether the presumption is always strong. Regardless, the Ninth Circuit then discussed *Bancec*'s factors and concluded that the presumption stood. *Id.* at 1036. The Ninth Circuit cautioned, however, that even a full *Bancec* showing may not overcome the core functions presumption. *Id.* CONAE is not primarily responsible for its own finances though, so it falls short of meeting all the *Bancec* factors. *See* 462 U.S. at 624. Thus, CONAE is an agency or instrumentality even under a modified core functions test.

10

1  Subsection (a) — which applies because CONAE is a political subdivision — immunizes a

2  foreign state's property in the United States unless the "property is or was used for the

3  commercial activity upon which the claim is based." 28 U.S.C. § 1610(a)(2). In this circuit, the

4  phrase "used for" is interpreted narrowly.   *Af-Cap Inc. v. Republic of Congo*, 475 F.3d 1080,

5  1091 (9th Cir. 2007); *Connecticut Bank of Commerce v. Republic of Congo*, 309 F.3d 240, 257

6  & n.5 (5th Cir. 2002); *Spaceport*, 788 F. Supp. 2d at 1120. So "[w]hat matters under the statute

7  is what the property is 'used for,' not how it was generated or produced." *Af-Cap*, 475 F.3d at

8  1087. And property is only "'used for a commercial activity in the United States' when the

9  property in question is put into action, put into service, availed or employed for a commercial

10  activity, not in connection with a commercial activity or in relation to a commercial activity."

11  *Id.* at 1091. Importantly, this definition does not encompass property "that '*will* be used' or

12  '*could potentially* be used' for a commercial activity," *Aurelius Capital Partners, LP v. Republic*

13  *of Argentina*, 584 F.3d 120, 130 (2d Cir. 2009) — rather, "the property must be in 'active

14  employment for commercial purposes' at the time the writ of attachment or execution is sought."

15  *Spaceport*, 788 F. Supp. 2d at 1120 (quoting *Af-Cap*, 475 F.3d at 1088).

16  Under this definition, NML failed to allege *use* for commercial activity. NML tried and

17  failed to seize CONAE's satellites in a prior lawsuit. *Spaceport*, 788 F. Supp. 2d at 1115-16,

18  1127. Having disclaimed that theory, NML now eyes "Argentina's valuable contractual rights

19  under its launch services contracts." (Compl., ¶¶ 3, 38). NML alleged that the Launch Service

20  Rights are or were used for commercial activity because they were acquired in a commercial

21  transaction and SpaceX maintains an open launch slot as a result. But acquisition and

22  maintenance are insufficient.

23  First, CONAE's acquisition of the launch rights through contract is immaterial. To

24  reiterate, "[w]hat matters under the statute is what the property is 'used for,' not how it was

25  generated or produced." *Af-Cap*, 475 F.3d at 1087. Here, the rights were created by contract,

26  which may have been a commercial transaction, but that is irrelevant whether the rights were

27  "used."

28  Second, the Launch Service Rights were not used to keep launch slots open. SpaceX's

11

1    conduct is nothing more than maintenance in connection with a commercial activity, which is

2    insufficient under *Af-Cap*, 475 F.3d at 1091.  In essence, NML argues that an entity uses its

3    contractual rights by failing to renege on them (i.e., maintaining its ability to perform its

4    obligations at a future date).  NML provides no authority for that proposition, and it is

5    unpersuasive.  *See id.* (emphasizing that use requires the property to be put into service, not

6    merely maintained); *EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 484 (2d Cir. 2007) (finding

7    that holding funds in an account was not use even though the funds could be applied to debts at a

8    future date).  Indeed, to fit SpaceX's conduct within the definition of "use" requires

9    lexicographical distension of an everyday word.  That would violate both the Ninth Circuit's

10   adoption of a narrow definition, *Af-Cap*, 475 F.3d at 1091, as well as the Court's obligation to

11   apply a straightforward denotation, *see Cubic*, 495 F.3d at 1036 (directing courts to avoid

12   "strained analys[e]s of the words 'used for' and 'commercial activity'"); *cf.* Antonin Scalia,

13   *Sovereign Immunity and Nonstatutory Review of Federal Administrative Action: Some*

14   *Conclusions from the Public-Lands Cases*, 68 Mich. L. Rev. 867, 886 (1970) (cautioning against

15   "formalistic evasion" of foreign sovereign immunity).  Just as satellites are not put into action

16   until they are in orbit, *Spaceport*, 788 F. Supp. 2d at 1121, the Launch Service Rights are not

17   pressed into service until the launch process begins.

18          Thus, there are no allegations that the Launch Service Rights are being "used for a

19   commercial activity *at the time* the writ of attachment or execution [would be] issued."  *Aurelius*

20   *Capital Partners, LP*, 584 F.3d at 130.  And since the property is immune from attachment and

21   execution, the complaint fails to state a claim upon which relief can be granted.

22   */ / /*

23   */ / /*

24   */ / /*

25   */ / /*

26   */ / /*

27   */ / /*

28   */ / /*

12

**IV.     Conclusion**

Because the Launch Service Rights are immune from attachment and execution under the FSIA, the Court GRANTS Defendants' motion to dismiss the complaint and DISMISSES the case WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: March 6, 2015

_____
STEPHEN V. WILSON
United States District Judge

# EXHIBIT B

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Western Division – Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:14–cv–02262–SVW–E

NML Capital Ltd v. Space Exploration Technologies Corp. et al
Assigned to: Judge Stephen V. Wilson
Referred to: Magistrate Judge Charles F. Eick
Cause: 28:1331 Fed. Question

Date Filed: 03/25/2014
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**NML Capital Ltd**                    represented by    **Bruce E Van Dalsem**
Quinn Emanuel Urquhart and Sullivan LLP
865 South Figueroa Street 10th Floor
Los Angeles, CA 90017–2543
213–443–3000
Fax: 213–443–3100
Email: brucevandalsem@quinnemanuel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harold A Barza**
Quinn Emanuel Urquhart and Sullivan LLP
865 South Figueroa Street 10th Floor
Los Angeles, CA 90017–2543
213–443–3211
Fax: 213–443–3100
Email: halbarza@quinnemanuel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew S Hosen**
Quinn Emanuel Urquhart and Sullivan LLP
865 South Figueroa Street 10th Floor
Los Angeles, CA 90017
213–443–3164
Fax: 213–454–3164
Email: matthosen@quinnemanuel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ian Scott Shelton**
Quinn Emanuel Urquhart and Sullivan LLP
865 South Figueroa Street 10th Floor
Los Angeles, CA 90017–2543
213–443–3000
Fax: 213–443–3100
Email: ianshelton@quinnemanuel.com
*ATTORNEY TO BE NOTICED*

**Robert Allen Cohen**
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
212–698–3501
Fax: 212–314–0001
Email: robert.cohen@dechert.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven A Engel**

Dechert LLP
1900 K Street NW
Washington, DC 20006
202–261–3000
Fax: 202–261–3143
Email: Steven.Engel@dechert.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Space Exploration Technologies Corp.**  represented by **William P Donovan , Jr**
*a Delaware corporation*          Cooley LLP
*also known as*             1333 2nd Avenue Suite 400
Spaces                Santa Monica, CA 90401
                   310–883–6435
                   Fax: 310–883–6500
                   Email: wdonovan@cooley.com
                   *ATTORNEY TO BE NOTICED*

**Defendant**

**The Republic of Argentina**  represented by **Carmine D Boccuzzi**
*a foreign state, including its Comision*     Cleary Gottlieb Steen and Hamilton LLP
*Nacional De Actividades Espaciales, a*    One Liberty Plaza
*political subdivision of the Argentine*     New York, NY 10006
*State*               212–225–2508
*also known as*             Fax: 212–225–3999
Conae                Email: cboccuzzi@cgsh.com
                   *PRO HAC VICE*
                   *ATTORNEY TO BE NOTICED*

                   **Donald R Brown**
                   Manatt Phelps and Phillips LLP
                   11355 West Olympic Boulevard
                   Los Angeles, CA 90064–1614
                   310–312–4000
                   Fax: 310–312–4224
                   Email: dbrown@manatt.com
                   *ATTORNEY TO BE NOTICED*

                   **Jonathan I Blackman**
                   Cleary Gottlieb Steen and Hamilton LLP
                   One Liberty Plaza
                   New York, NY 10006
                   212–225–2490
                   Fax: 212–225–3999
                   Email: jblackman@cgsh.com
                   *PRO HAC VICE*
                   *ATTORNEY TO BE NOTICED*

                   **Matthew D Slater**
                   Cleary Gottlieb Steen and Hamilton LLP
                   2000 Pennsylvania Avenue NW 9th Floor
                   Washington, DC 20006
                   202–974–1930
                   Fax: 202–971–1999
                   Email: mslater@cgsh.com
                   *PRO HAC VICE*
                   *ATTORNEY TO BE NOTICED*

                   **Michael M Brennan**
                   Cleary Gottlieb Steen and Hamilton LLP

One Liberty Plaza
New York, NY 10006
212–225–2117
Fax: 212–225–3999
Email: mbrennan@cgsh.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does**
*1–10*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/25/2014 | 1 | COMPLAINT against Defendants Space Exploration Technologies Corp., The Republic of Argentina, Does 1–10. Case assigned to Judge Stephen V. Wilson for all further proceedings. Discovery referred to Magistrate Judge Charles F. Eick.(Filing fee $ 400 PAID.), filed by Plaintiff NML Capital Ltd.(et) (mg). (Entered: 03/28/2014) |
| 03/25/2014 | 2 | 21 DAY Summons Issued re Complaint – (Discovery) 1 as to Defendants Space Exploration Technologies Corp., The Republic of Argentina. (et) (Entered: 03/28/2014) |
| 03/25/2014 | 3 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff NML Capital Ltd. (et) (mg). (Entered: 03/28/2014) |
| 03/25/2014 | 4 | NOTICE of Related Case(s) filed by Plaintiff NML Capital Ltd. Related Case(s): CV 11–03507–SJO (RZx); CV 11–3970 SJO (RZx). (et) (mg). (Entered: 03/28/2014) |
| 03/28/2014 | 5 | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Robert Allen Cohen for Plaintiff NML Capital Ltd. Pro Hac Vice application has not been received by the court. Please return your completed Application of Non–Resident Attorney to Appear in a Specific Case, form G–64, or a copy of the Notice of Electronic Filing of your application and the $325.00 fee and this notice immediately. Out–of–state federal government attorneys who are not employed by the U.S. Department of Justice are required to file a Pro Hac Vice application;no filing fee is required. You have been removed as counsel of record from this case for failure to submit this filing fee. (et) (Entered: 03/28/2014) |
| 04/01/2014 | 6 | PROOF OF SERVICE Executed by Plaintiff NML Capital Ltd, upon Defendant Space Exploration Technologies Corp. served on 3/25/2014, answer due 4/15/2014. Service of the Summons and Complaint were executed upon Sharon Brough, In–house counsel in compliance with Federal Rules of Civil Procedure by service on a domestic corporation, unincorporated association, or public entity. Original Summons returned. (Barza, Harold) (Entered: 04/01/2014) |
| 04/02/2014 | 7 | RESPONSE filed by Pro Hac Vice attorney *Robert Allen Cohen;* Harold A Barza on behalf of Plaintiff NML Capital Ltd. RE: Docket # 5. PHV fee To be Paid. (Attachments: # 1 Proposed Order)(Barza, Harold) (Entered: 04/02/2014) |
| 04/03/2014 | 8 | PROOF OF SERVICE Executed by Plaintiff NML Capital Ltd, upon Defendant The Republic of Argentina served on 4/1/2014, answer due 4/22/2014. Service of the Summons and Complaint were executed upon Roberto H. Barrientos; Vice President Banco de la Nacion Argentina in compliance with Federal Rules of Civil Procedure by service on a domestic corporation, unincorporated association, or public entity. Original Summons NOT returned. *Answer due 60 days after service under FSIA, 5/30/2014.* (Barza, Harold) (Entered: 04/03/2014) |
| 04/03/2014 | 9 | PROOF OF SERVICE Executed by Plaintiff NML Capital Ltd, upon Defendant Service of the Summons and Complaint were executed upon Roberto H. Barrientos; Vice President – Banco de la Nacion Argentina in compliance with Federal Rules of Civil Procedure by service on a domestic corporation, unincorporated association, or public entity. Original Summons NOT returned. *Party Served: Comision Nacional de Actividades Espaciales, aka CONAE, a political subdivision of the Argentine State, c/o Banco de la Nacion Argentina. Answer due 60 days after service under FSIA, 5/30/2014.* (Barza, Harold) (Entered: 04/03/2014) |

| 04/04/2014 | 10 | ORDER by Judge Stephen V. Wilson Granting Application of Non Resident Attorney to Appear 7 by Robert Allen Cohen to appear on behalf of Plaintiff NML Capital Ltd. Harold A. Barza is designated as local counsel. Fee PAID. (lt) (Entered: 04/07/2014) |
|---|---|---|
| 04/07/2014 | 11 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Response to Notice of Fee Due on Pro Hac Vice Application 7 . The following error(s) was found: Incorrect event selected. The correct event is: Motions and Related Filings −−>> Applications −−>> Appear Pro Hac Vice. Note: Wrong event does not provide relief or changes sought.. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lt) (Entered: 04/07/2014) |
| 04/09/2014 | 12 | STIPULATION Extending Time to Answer the complaint as to Space Exploration Technologies Corp. answer now due 5/15/2014, re Complaint – (Discovery), 1 filed by defendant Space Exploration Technologies Corp..(Attorney William P Donovan, Jr added to party Space Exploration Technologies Corp.(pty:dft))(Donovan, William) (Entered: 04/09/2014) |
| 04/09/2014 | 13 | NOTICE of Interested Parties filed by defendant Space Exploration Technologies Corp., (Donovan, William) (Entered: 04/09/2014) |
| 04/09/2014 | 14 | CORPORATE DISCLOSURE STATEMENT filed by Defendant Space Exploration Technologies Corp. (Donovan, William) (Entered: 04/09/2014) |
| 04/11/2014 | 15 | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08–05 (Related Case) filed. Transfer of case declined by Judge S. James Otero, for the reasons set forth on this order. Related Case No. CV 11–03507 SJO(RZx) (rn) (Entered: 04/11/2014) |
| 04/14/2014 | 16 | NEW CASE ORDER upon filing of the complaint by Judge Stephen V. Wilson. (pc) (Entered: 04/14/2014) |
| 05/15/2014 | 17 | NOTICE OF MOTION AND MOTION to Dismiss defendant Space Exploration Technologies Corp. *and Notice of Joinder in the Republic of Argentina's Motion to Dismiss* filed by defendant Space Exploration Technologies Corp.. Motion set for hearing on 6/30/2014 at 01:30 PM before Judge Stephen V. Wilson. (Attachments: # 1 Proposed Order)(Donovan, William) (Entered: 05/15/2014) |
| 05/15/2014 | 18 | NOTICE OF MOTION AND MOTION to Dismiss *Complaint Under F.R.C.P. 12(b)(1) and (6)* The Republic of Argentina. Motion set for hearing on 6/30/2014 at 01:30 PM before Judge Stephen V. Wilson. (Attachments: # 1 Memorandum of Points and Authorities in Support of Motion by the Republic of Argentina to Dismiss Complaint Under F.R.C.P. 12(b)(1) and (6), # 2 Declaration of Donald R. Brown, # 3 Exhibit A to Declaration of Donald R. Brown, # 4 Declaration of Conrado F. Varotto, # 5 Exhibit A to Declaration of Conrado F. Varotto, # 6 Exhibit B to Declaration of Conrado F. Varotto, # 7 Proposed Order Granting Motion by the Republic of Argentina to Dismiss Complaint Under F.R.C.P. 12(b)(1) and (6))(Attorney Donald R Brown added to party The Republic of Argentina(pty:dft))(Brown, Donald) (Entered: 05/15/2014) |
| 05/16/2014 | 19 | Joint STIPULATION for Hearing re MOTION to Dismiss *Complaint Under F.R.C.P. 12(b)(1) and (6)* 18 , MOTION to Dismiss defendant Space Exploration Technologies Corp. *and Notice of Joinder in the Republic of Argentina's Motion to Dismiss* 17 filed by plaintiff NML Capital Ltd. (Attachments: # 1 Proposed Order re Briefing Schedule and Hearing Date)(Barza, Harold) (Entered: 05/16/2014) |
| 05/20/2014 | 20 | NOTICE OF MOTION AND MOTION for attorney Carmine D. Boccuzzi to Appear Pro Hac Vice(PHV Fee of $325 receipt number 0973–13838225 paid.) filed by Defendant The Republic of Argentina. (Brown, Donald) (Entered: 05/20/2014) |
| 05/20/2014 | 21 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: MOTION for attorney Carmine D. Boccuzzi to Appear Pro Hac Vice(PHV Fee of $325 receipt number 0973–13838225 paid.) 20 . The following error(s) was found: Incorrect event selected.Proposed Document was not submitted as a separate attachment.Other error(s) with document(s) are specified below. The correct event is: Applications >> Appear Pro Hac Vice. Other error(s) with document(s): No signature on Application. Local counsel did not sign the application. See LR 11–1. See |

| | | |
|---|---|---|
| | | Instructions for Applicants (1) (G–64). In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (lt) (Entered: 05/20/2014) |
| 05/20/2014 | 22 | APPLICATION for attorney Carmine D. Boccuzzi to Appear Pro Hac Vice (PHV FEE NOT PAID.) filed by Defendant The Republic of Argentina. (Attachments: # 1 Proposed Order on Application of Non–Resident Attorney to Appear in a Specific Case Pro Hac Vice, # 2 Exhibit A (Receipt for Payment of $325 PHV fee))(Brown, Donald) (Entered: 05/20/2014) |
| 05/20/2014 | 23 | APPLICATION for attorney Michael M. Brennan to Appear Pro Hac Vice(PHV Fee of $325 receipt number 0973–13841558 paid.) filed by Defendant The Republic of Argentina. (Attachments: # 1 Proposed Order on Application of Non–Resident Attorney to Appear in a Specific Case Pro Hac Vice)(Brown, Donald) (Entered: 05/20/2014) |
| 05/20/2014 | 24 | APPLICATION for attorney Jonathan I. Blackman to Appear Pro Hac Vice(PHV Fee of $325 receipt number 0973–13841710 paid.) filed by Defendant The Republic of Argentina. (Attachments: # 1 Proposed Order on Application of Non–Resident Attorney to Appearl in a Specific Case Pro Hac Vice)(Brown, Donald) (Entered: 05/20/2014) |
| 05/20/2014 | 25 | ORDER GRANTING THESTIPULATION REGARDING THEBRIEFING SCHEDULE ONDEFENDANTS MOTIONS TO DISMISSTHE COMPLAINT by Judge Stephen V. Wilson, re Stipulation for Hearing, 19 ,1) Plaintiffs opposition brief to Defendants motions to dismiss shall be filed on or before June 5, 2014;(2) Defendants reply briefs in support of their motions to dismiss shall be filed on orbefore June 16, 2014; and(3) the hearing on Defendants motions to dismiss shall be scheduled for June 30,2014. (pj) (Entered: 05/20/2014) |
| 05/21/2014 | 26 | ORDER by Judge Stephen V. Wilson: granting 22 Application to Appear Pro Hac Vice by Attorney Carmine D. Boccuzzi on behalf of Defendant The Republic of Argentina, designating Donald R. Brown as local counsel. (lt) (Entered: 05/22/2014) |
| 05/21/2014 | 27 | ORDER by Judge Stephen V. Wilson: granting 23 Application to Appear Pro Hac Vice by Attorney Michael M. Brennan on behalf of Defendant The Republic of Argentina, designating Donald R. Brown as local counsel. (lt) (Entered: 05/22/2014) |
| 05/21/2014 | 28 | ORDER by Judge Stephen V. Wilson: granting 24 Application to Appear Pro Hac Vice by Attorney Jonathan I. Blackman on behalf of Defendant The Republic of Argentina, designating Donald R. Brown as local counsel. (lt) (Entered: 05/22/2014) |
| 06/04/2014 | 29 | Notice of Appearance or Withdrawal of Counsel: for attorney Ian Scott Shelton counsel for Plaintiff NML Capital Ltd. Adding Ian S. Shelton as attorney as counsel of record for Plaintiff NML Capital, Ltd. for the reason indicated in the G–123 Notice. Filed by Plaintiff NML Capital, Ltd.. (Attorney Ian Scott Shelton added to party NML Capital Ltd(pty:pla))(Shelton, Ian) (Entered: 06/04/2014) |
| 06/05/2014 | 30 | MEMORANDUM in Opposition to MOTION to Dismiss *Complaint Under F.R.C.P. 12(b)(1) and (6)* 18 , MOTION to Dismiss defendant Space Exploration Technologies Corp. *and Notice of Joinder in the Republic of Argentina's Motion to Dismiss* 17 *Memorandum of Points and Authorities in Opposition to Motions by the Republic of Argentina and SpaceX to Dismiss Complaint Under F.R.C.P. 12(b)(1) and (6)* filed by Plaintiff NML Capital Ltd. (Barza, Harold) (Entered: 06/05/2014) |
| 06/16/2014 | 31 | REPLY in support of MOTION to Dismiss *Complaint Under F.R.C.P. 12(b)(1) and (6)* 18 filed by Defendant The Republic of Argentina. (Brown, Donald) (Entered: 06/16/2014) |
| 06/27/2014 | 32 | APPLICATION for attorney Steven A. Engel to Appear Pro Hac Vice(PHV Fee of $325 receipt number 0973–14037058 paid.) filed by Plaintiff NML Capital Ltd. (Attachments: # 1 Proposed Order)(Barza, Harold) (Entered: 06/27/2014) |
| 06/27/2014 | 33 | APPLICATION for attorney Matthew D. Slater to Appear Pro Hac Vice(PHV Fee of $325 receipt number 0973–14039115 paid.) filed by Defendant The Republic of Argentina. (Attachments: # 1 Proposed Order)(Brown, Donald) (Entered: 06/27/2014) |

| 06/30/2014 | 34 | Amended APPLICATION for attorney Matthew D. Slater to Appear Pro Hac Vice (PHV FEE NOT PAID.) filed by Defendant The Republic of Argentina. (Attachments: # 1 Proposed Order on Application of Non–Resident Attorney to Appear in a Specific Case Pro Hac Vice, # 2 Receipt for payment of fees re Pro Hac Vice Application)(Brown, Donald) (Entered: 06/30/2014) |
|---|---|---|
| 06/30/2014 | 35 | TRANSCRIPT ORDER as to plaintiff NML Capital Ltd Court Reporter. Court will contact Albert Villamil at albertvillamil@quinnemanuel.com with any questions regarding this order. Transcript portion requested: Other: Hearing Transcript re Motions to Dismiss 6/30/2014. Transcript preparation will not begin until payment has been satisfied with the court reporter/recorder. (Barza, Harold) (Entered: 06/30/2014) |
| 06/30/2014 | 39 | MINUTES OF 17 MOTION to Dismiss defendant Space Exploration Technologies Corp.and Notice of Joinder in the Republic of Argentina's Motion to Dismiss filedby defendant Space Exploration Technologies Corp 18 MOTION to Dismiss Complaint Under F.R.C.P. 12(b)(1) and (6) TheRepublic of Argentina Motion Hearing held before Judge Stephen V. Wilson: Hearing held. The motions are submitted. Order to issue. Court Reporter: Deborah Gackle. (pj) (Entered: 07/03/2014) |
| 07/01/2014 | 36 | ORDER by Judge Stephen V. Wilson: granting 32 Application to Appear Pro Hac Vice by Attorney Steven A. Engel on behalf of Plaintiff, designating Harold A. Barza as local counsel. (lt) (Entered: 07/02/2014) |
| 07/01/2014 | 37 | ORDER by Judge Stephen V. Wilson: granting 33 Application to Appear Pro Hac Vice by Attorney Matthew D. Slater on behalf of Defendant The Republic of Argentina, designating Donald R. Brown as local counsel. (lt) (Entered: 07/02/2014) |
| 07/01/2014 | 38 | ORDER by Judge Stephen V. Wilson: granting 34 Application to Appear Pro Hac Vice by Attorney Matthew D. Slater on behalf of Defendant The Republic of Argentina, designating Donald R. Brown as local counsel. (lt) (Entered: 07/02/2014) |
| 07/25/2014 | 40 | TRANSCRIPT ORDER re: Motion to Dismiss (cause or other),,, 18 , Motion to Dismiss Party, 17 , The Republic of Argentina Court Smart (CS). Court will contact Donald R. Brown at dbrown@manatt.com with any questions regarding this order. Transcript portion requested: Other: 6/30/2014. Transcript preparation will not begin until payment has been satisfied with the court reporter/recorder. (Brown, Donald) (Entered: 07/25/2014) |
| 08/19/2014 | 41 | TRANSCRIPT for proceedings held on 6/30/14 PM Session. Court Reporter/Electronic Court Recorder: Deborah K. Gackle, phone number (213) 620–1140. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Electronic Court Recorder before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Notice of Intent to Redact due within 7 days of this date. Redaction Request due 9/9/2014. Redacted Transcript Deadline set for 9/19/2014. Release of Transcript Restriction set for 11/17/2014. (Gackle, Deborah) (Entered: 08/19/2014) |
| 08/19/2014 | 42 | NOTICE OF FILING TRANSCRIPT filed for proceedings 6/30/14 PM session re Transcript 41 THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (Gackle, Deborah) TEXT ONLY ENTRY (Entered: 08/19/2014) |
| 02/09/2015 | 43 | NOTICE OF MOTION AND MOTION for Leave to Serve Discovery Prior to Conducting a Rule 26(f) Conference filed by plaintiff NML Capital Ltd. Motion set for hearing on 3/9/2015 at 01:30 PM before Judge Stephen V. Wilson. (Attachments: # 1 Declaration of Harold Barza, # 2 Declaration of Keith Volkert, # 3 Exhibit 1 of Harold Barza Declaration, # 4 Exhibit 2 of Harold Barza Declaration, # 5 Exhibit 3 of Harold Barza Declaration, # 6 Exhibit 4 of Harold Barza Declaration, # 7 Exhibit 5 of Harold Barza Declaration, # 8 Exhibit 6 of Harold Barza Declaration, # 9 Exhibit 7 of Harold Barza Declaration, # 10 Exhibit 8 of Harold Barza Declaration, # 11 Exhibit 9 of Harold Barza Declaration, # 12 Proposed Order Granting Plaintiff's Motion)(Barza, Harold) (Entered: 02/09/2015) |
| 02/11/2015 | 44 | STIPULATION for Extension of Time to File Response in Opposition as to MOTION for Leave to Serve Discovery Prior to Conducting a Rule 26(f) Conference 43 filed by Defendant The Republic of Argentina. (Attachments: # 1 Proposed Order)(Brown, Donald) (Entered: 02/11/2015) |

| 02/13/2015 | 45 | ORDER GRANTING STIPULATION REGARDING BRIEFING SCHEDULE FOR PLAINTIFF'S MOTION FOR LEAVE TO SERVE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE by Judge Stephen V. Wilson 44 . Defendants' Oppositions to NMLs Motion shall be filed on or before February 17, 2015. The modification to the briefing schedule does not affect the deadline for NML's reply or the hearing date for the Motion. (im) (Entered: 02/13/2015) |
| --- | --- | --- |
| 02/17/2015 | 46 | Opposition of the Republic of Argentina re: MOTION for Leave to Serve Discovery Prior to Conducting a Rule 26(f) Conference 43 filed by Defendant The Republic of Argentina. (Brown, Donald) (Entered: 02/17/2015) |
| 02/17/2015 | 47 | OPPOSITION in opposition to re: MOTION for Leave to Serve Discovery Prior to Conducting a Rule 26(f) Conference 43 filed by Defendant Space Exploration Technologies Corp.. (Donovan, William) (Entered: 02/17/2015) |
| 02/23/2015 | 48 | REPLY in support of MOTION for Leave to Serve Discovery Prior to Conducting a Rule 26(f) Conference 43 filed by Plaintiff NML Capital Ltd. (Hosen, Matthew) (Entered: 02/23/2015) |
| 03/05/2015 | 49 | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS 17 ]18]. Because the Launch Service Rights are immune from attachment and execution under the FSIA, the Court GRANTS Defendants motion to dismiss the complaint by Judge Stephen V. Wilson (pj) (Entered: 03/05/2015) |
| 03/05/2015 | 50 | IN CHAMBERS ORDER–TEXT ONLY ENTRY by Judge Stephen V. Wilson re 43 MOTION for Leave to Serve Discovery Prior to Conducting a Rule 26(f) Conference filed by plaintiff NML Capital Ltd.: Hearing on the motion is vacated and off–calendar. The motion is denied as moot. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (pc) TEXT ONLY ENTRY (Entered: 03/05/2015) |
| 03/06/2015 | 51 | AMENDED AND CORRECTED ORDER GRANTING DEFENDANTS' MOTION TO DISMISS by Judge Stephen V. Wilson, 49 Because the Launch Service Rights are immune from attachment and execution under the FSIA, the Court GRANTS Defendants motion to dismiss the complaint and DISMISSES the case WITHOUT PREJUDICE. (pj) (Entered: 03/06/2015) |

# EXHIBIT C

1    QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Harold A. Barza (Bar No. 80888)
2      halbarza@quinnemanuel.com
     Bruce E. Van Dalsem (Bar No. 124128)
3      brucevandalsem@quinnemanuel.com
     Ian S. Shelton (Bar No. 264863)
4      ianshelton@quinnemanuel.com
     Matthew S. Hosen (Bar No. 291631)
5      matthosen@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
6    Los Angeles, California 90017
   Tel:   (213) 443-3000
7    Fax:   (213) 443-3100

8    *Of Counsel:*

9    DECHERT LLP
     Robert A. Cohen (admitted *pro hac vice*)
10      robert.cohen@dechert.com
   1095 Avenue of the Americas
11    New York, New York 10036
   Telephone:   (212) 698-3500
12    Facsimile:   (212) 698-3599

13    Attorneys for Plaintiff NML Capital, Ltd.

14            UNITED STATES DISTRICT COURT

15            CENTRAL DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17   NML CAPITAL, LTD., | CASE NO. 14-CV-02262-SVW-Ex |
| 18          Plaintiff, | **REPRESENTATION STATEMENT REGARDING PLAINTIFF NML CAPITAL, LTD.'S NOTICE OF APPEAL** |
| 19       vs. | |
| 20   SPACE EXPLORATION | |
| 21   TECHNOLOGIES CORP., aka SPACEX, a Delaware corporation; THE | Hon. Stephen V. Wilson |
| 22   REPUBLIC OF ARGENTINA, a foreign state, including its *COMISIÓN* | Complaint Filed:  March 25, 2014 |
| 23   *NACIONAL DE ACTIVIDADES ESPACIALES*, aka CONAE, a political | |
| 24   subdivision of the Argentine State; and DOES 1-10, | |
| 25         Defendants. | |
| 26 | |

27

28

## <u>REPRESENTATION STATEMENT</u>

The undersigned represents NML Capital, Ltd., plaintiff and appellant in this matter, and no other parties.  Attached is a service list that shows all of the parties to the action below, and identifies their counsel by name, firm, address, telephone numbers, facsimile number, and email, as appropriate.  Fed. R. App. Proc. 12(b); 9th Cir. R. 3-2(b).

DATED:  March 24, 2015

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harold A. Barza
  Bruce E. Van Dalsem
  Ian S. Shelton
  Matthew S. Hosen


By  _____
        Harold A. Barza

    Attorneys for Plaintiff-Appellant
    NML Capital, Ltd.

## SERVICE LIST

### PLAINTIFF-APPELLANT NML CAPITAL, LTD.

Theodore B. Olson
TOlson@gibsondunn.com
Matthew D. McGill
MMcGill@gibsondunn.com
Christopher B. Leach
CLeach@gibsondunn.com
GIBSON DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel: (202) 955-8500
Fax: (202) 467-0539

Robert A. Cohen
Robert.Cohen@dechert.com
Steven A. Engel
Steven.Engel@dechert.com
DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Tel: (212) 698-3500
Fax: (212) 698-3599

Harold A. Barza
halbarza@quinnemanuel.com
Bruce E. Van Dalsem
brucevandalsem@quinnemanuel.com
Ian S. Shelton
ianshelton@quinnemanuel.com
Matthew S. Hosen
matthosen@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017
Tel: (213) 443-3000
Fax: (213) 443-3100

### DEFENDANT-APPELLEE THE REPUBLIC OF ARGENTINA

Carmine D. Boccuzzi
cboccuzzi@cgsh.com
Jonathan I. Blackman
jblackman@cgsh.com
Matthew D. Slater
mslater@cgsh.com
Michael M. Brennan
mbrennan@cgsh.com
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Tel: (212) 225-2000
Fax: (212) 225-3999

Donald R. Brown
dbrown@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, California 90064
Tel: (310) 312-4000
Fax: (310) 312-4224

1

**DEFENDANT-APPELLEE SPACE EXPLORATION TECHNOLOGIES CORPORATION**

2

William P Donovan , Jr.

3
wdonovan@cooley.com

4
COOLEY LLP
1333 2nd Avenue Suite 400

5
Santa Monica, California 90401

6
Tel: (310) 883-6435
Fax: (310) 883-6500

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28